## Affrime et al., Appellants, v. Mandel et al.

*Equity—Bill—Specific performance—Real estate—Part owners —Parties, interests not disclosed—Performance pro tanto—Statute of frauds—Minors' interests.*

1. Where two adult owners of undivided interests in a property belonging to a decedent's estate, enter into a contract in writing, in which they recite themselves as agents for the estate of decedent, and by which they agree to sell the real estate in its entirety "subject to the approval of the orphans' court, proceedings to be commenced and proceeded with to final conclusion as soon as possible," and it appears that there were minors' interests, and also that there was another adult owner, not mentioned in the agreement, for whom the signers had no apparent written authority to act, and that the proceedings in the orphans' court had not been prosecuted, specific performance cannot be enforced against the two signers of the agreement for their respective interests, which are not disclosed, nor against the third adult owner made a party to the bill, but not a party to the agreement, it not being averred that the parties who executed the agreement had written authority to act for the third adult owner.

2. In such case, the statute of frauds stand in the way of plaintiffs in the bill, so far as the third adult owner is concerned.

3. Defendants' failure to press the orphans' court proceedings, to final disposition, may or may not give ground for an action against them at law for damages, but it does not have the effect of entitling plaintiff to a decree in equity for the carrying out of an arrangement different entirely from that contemplated by the agreement between the parties.

Argued March 24, 1920. Appeal, No. 260, Jan. T., 1920, by plaintiffs, from decree of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 2820, dismissing bill in equity in case of Nathan M. Affrime and Meyer Balistocky v. Louis Mandel, Paul Mandel and Fannie Mandel. Be-

fore BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Bill in equity for specific performance.

From the record it appears that the material portions of the agreement in writing, on which suit was based, are as follows:

"Agreement, Made May 6, 1919, Between Louis Mandel and Paul Mandel, agents for the estate of Bernard Mandel, of the first part and Nathan M. Affrime and Meyer Balistocky of the second part, as follows, to wit: The said party of the first part agree to sell and convey to the said party of the second part, who agree to purchase all that certain property situated and known as 303 Market Street in the City of Philadelphia on the terms and conditions following, to wit:—......

"And the said parties hereby bind themselves, their heirs, executors and administrators, for the faithful performance of the above agreement as soon as possible from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon.  Agreement subject to the approval of the Orphans' Court of Philadelphia County.  Proceedings to be commenced and proceeded with to final conclusion as soon as possible.  It is further understood and agreed that the party of the second part shall make an additional deposit of $1000 within 30 days from the date of this agreement.

"In Witness Whereof, the said parties have hereunto set their hands and seals the day and year first above written.

> "[Signed]  Louis Mandel, Agt.,    [Seal]
> "[Signed]  Paul Mandel, Agt.,    [Seal]
>                    "Estate of B. Mandel.
> "[Signed]  Nathan M. Affrime,  [Seal]
> "[Signed]  Meyer Balistocky,    [Seal]"

The defendants demurred to the bill.

The court sustained the demurrer, AUDENRIED, P. J., filing the following opinion:

The defendant Fannie Mandel did not execute the agreement of sale upon which the plaintiffs base the prayer of their bill. The parties who executed it as vendors did not assume to bind her by that instrument, (in which she is nowhere mentioned); nor is it averred that they had written authority to act on her behalf. The statute of frauds, therefore, stands in the way of the plaintiffs so far as she is concerned; and as to her the bill must be dismissed.

As to the defendants Louis Mandel and Paul Mandel, the case is governed by the rule recognized and applied by the Supreme Court in Brown v. Power, 263 Pa. 287. The bill prays for a decree requiring them to convey and transfer all their right, title and interest in a property known as No. 303 Market street, Philadelphia, to the plaintiffs, "upon payment of a proportion of the consideration mentioned in said agreement as it will apply to the interest of the defendants." What exactly is the interest of these two defendants in the subject-matter of the sale the plaintiffs fail to disclose. It appears by the third paragraph of the bill that some of the owners of the property are minors. Louis Mandel and Paul Mandel can, therefore, have but a share or part in it. That such is the fact is expressly alleged in the first paragraph. The plaintiffs' prayer is, accordingly, that specific performance of the contract be enforced as to a portion only of its subject-matter. The agreement provides for the sale of a piece of land in its entirety, and not in parts. The whole transaction was predicated upon its approval by the orphans' court. That condition has not yet been fulfilled. The defendants' failure to press to final disposition the petition for approval pending in that court may or may not give ground for an action against them at law for damages, but it does not have the effect of entitling the plaintiffs to a decree in equity for the carrying out of an arrangement different

Opinion of Court below—Opinion of the Court. [267 Pa.

entirely from that contemplated by the agreement between the parties.

Demurrer sustained. Plaintiffs appealed.

*Error assigned* was decree sustaining demurrer.

*Harry Cohen* and *Edward Unterberger,* for appellants.

*Sundheim, Folz & Sundheim,* for appellees, were not heard.

PER CURIAM, May 3, 1920:
This appeal is dismissed, at the costs of the appellants, on the opinion of the learned president judge of the court below sustaining the demurrer to the bill.