## Hollis *v.* Bland, Appellant.

*Equity—Specific performance—Undivided interest in land—Jurisdiction.*

A chancellor has authority to decree specific performance for an undivided interest of a vendor who contracts to sell the entire estate in a piece of land.

A chancellor will not refuse to decree specific performance for an undivided interest of the vendor who contracts to sell the entire estate in a piece of land merely because the defendant does not wish to introduce a stranger as a part owner of the land in which her sisters owned the other interests.

*Equity—Specific performance—Equitable relief—Matter of grace —Discretion.*

Equitable relief in the matter of enforcing specific performance is not the absolute right of either party—it is of grace only, and rests in the discretion of the court to be exercised upon a consideration of all of the circumstances of the case. ·

Specific performance will not be refused, because the plaintiff has made an advantageous purchase of property which amply protected any business interest which might have been imperilled by failure to secure the land purchased from the defendant; nor will relief be refused because the plaintiff misstated in her bill certain facts as to the ownership of other real estate which she used in manufacturing, or because she misstated that the property purchased from the defendant was valuable as a storehouse, and that there was no other property in that location having the same ad-

vantages. Such matters are entirely unrelated to the contract in question, and are not such occuring since the execution of the contract as would cause its enforcement to be inequitable and unjust, or cause it to be burdensome.

Argued Nov. 9, 1915. Appeal, No. 260, Oct. T., 1915, by defendant, from decree of C. P. Berks Co., Equity Docket 1914, No. 1125, on bill in equity in case of Despina Hollis v. Kathryn S. Bland. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for specific performance.

The bill averred that the defendant had entered into a written agreement to sell to the plaintiff the premises No. 32-36 Plum street in the City of Reading for the sum of $2,800; the plaintiff tendered said amount but that same was refused.

That on April 27, 1914, having learned meanwhile that the defendant had an 8-22 interest in said properties, the plaintiff made a tender to the defendant of $1,018.18, and requested a deed for the defendant's undivided interest; which offer the defendant rejected.

That the plaintiff is the owner of a large building located on the northwest corner of Franklin and Plum streets, Reading, in which she conducts a business as manufacturing confectioner; and that the premises aforesaid to wit Nos. 32-34 and 36 Plum street, while not adjoining the said factory, are in the immediate vicinity, and are valuable to plaintiff as a store house; and that there is no other property in that location which she can purchase, having the same advantages to her for the desired purpose as aforesaid.

The answer admitted that the defendant entered into the agreement as set forth in the bill.

She asserted that she entered into said agreement with the firm conviction that her two sisters, who held common interests with her therein, would approve of the sale; but that directly they were advised of the same

they expressed disapproval of the sale and a refusal to be bound thereby.

That thereupon, on February 5, 1914, the defendant returned to plaintiff a check for $100, being the down-money on the purchase, and notified her that she (the defendant) would be unable to give a complete title as she had agreed.

The defendant denied (1) that the plaintiff was the owner of the building at the northwest corner of Franklin and Plum streets, or (2) that plaintiff there conducted the business of manufacturing confectioner.

She also asserted that after the defendant had notified the plaintiff of her inability to complete the agreement, the plaintiff had purchased properties Nos. 25 and 27 Plum street, which, being at the corner of two streets, were better adapted for the purposes of a store-house than were those which the plaintiff had attempted to buy from the defendant.

The case was heard on : bill, answer and proofs, before WAGNER, J., who filed an opinion which was in part as follows:

The plaintiff, as is shown by the evidence, and which is also not controverted, agreed to take such title as the defendant was able to give, and offered to pay to her the proportionate part of the consideration. In Erwin v. Myers, supra, on page 106, we have: " 'If a man having partial interest in an estate, chooses to enter into a contract respecting it, and agrees to sell it as his own, it is not competent for him afterwards to say, though he has valuable interests, he has not the entirety, and therefore a purchaser shall not have the benefit of his contract. For the purposes of this jurisdiction, the person contracting under those circumstances is bound by the assertion in his contract, and if the vendee chooses to take as much as he can have, he has a right to that, and to an abatement.' " Also on page 107: "Adams, in his Treatise on Equity, page 90, lays it down that, in favour of the purchaser the rule in equity is, though he cannot have a partial interest forced upon him, yet if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, and chooses afterwards to take as much as he can get, he has generally, though not uni-

versally, a right to insist on that, with compensation for the defect. He adds, the defect must be one admitting of compensation, and not a mere matter of arbitrary damages. In Story's Equity, Sec. 779, the general rule is also said to be that the purchaser, if he chooses, is entitled to have the contract specifically performed as far as the vendor can perform it, and to have an abatement out of the purchase-money or compensation for any deficiency in the title, quantity, quality, description, or other matters touching the estate; and in Morse v. Elmendorff, 11 Paige 288, the chancellor went so far as to say that in a case where the vendor never had it in his power to perform at all, if the purchaser had filed his bill in good faith, supposing at the time he instituted his suit specific performance could be decreed, he was not prepared to deny that the court would retain his suit, and award the complainant a compensation in damages. However this may be, there is nothing in the general rule of which a vendor can complain. It is his own fault if he has assumed obligations which he cannot fulfill. It cannot be inequitable to require him to perform, as far as is in his power, and being in a court of equity, a decree that he make compensation for all that he fails to perform is but completing what the court has begun, and preventing a multiplicity of suits. In no just sense can it be said that thus a new contract is made for the parties. The vendor is not compelled to convey anything which he did not agree to convey, and the vendee pays for what he gets, according to the rate established by the agreement." To the same effect is Burk's App., 75 Pa. 141; Napier v. Darlington, 70 Pa. 64; Farber v. Blubaker Coal Co., 216 Pa. 209; Stratford v. Lukens, 52 Pa. Superior Ct. 355; Whiteside v. Winans, 29 Pa. Superior Ct. 244; Hughes v. Antill, 23 Pa. Superior Ct. 290. In Farber v. Blubaker Coal Co., supra, on page 214, we have: "It is settled law that when a vendor sells real estate and thereafter it is discovered that he has but an undivided interest therein, the purchaser if he desire, may elect to accept such interest as the vendor can convey, or he may decline to accept and may rescind the contract." In Whiteside v. Winans, supra, where the husband had contracted to convey his lands without his wife joining in the agreement, and the wife refused to join in the deed of conveyance, but the vendee agreed to accept such title as the husband, the vendor, was able to give, the court, on page

248, says: "The plaintiff has a right to insist on a specific performance of the contract so far as the vendor can carry it out." Also in Stratford v. Lukens, supra, pp. 350, 360,—a similar case of a bill in equity for specific performance,—we have: "It is argued by appellant's learned counsel that the defendant's wife will not join with him in conveying the land in question, and, therefore, he cannot be compelled to comply with his contract. A sufficient answer to this contention is that the bill is only against the defendant and the plaintiff did not ask for and did not secure a decree against the wife. All that is required is for the defendant to convey the land without his wife joining in the deed. We here remark that at the trial the plaintiff distinctly testified that he was entirely willing to accept a deed from the defendant without his wife joining therein. We hold that he is entitled to such a conveyance from the defendant." From these cases it must be perfectly plain that the mere fact that the defendant in this case has but an eight-twenty-second interest in the premises that she agreed to convey does not warrant us to deny to plaintiff, the purchaser, who is willing to accept that interest, a decree for specific performance therefor.

The court entered a decree awarding specific performance

*Error assigned* was decree awarding specific performance.

*George J. Gross,* for appellant.—Plaintiff was not entitled to relief: Elbert v. O'Neil, 102 Pa. 302; Willard v. Taylor, 8 Wall 557; Rennyson v. Rozzell, 106 Pa. 407; Hess v. Calender, 120 Pa. 138; Friend v. Lamb, 152 Pa. 529; Mitchell v. Steinmetz, 97 Pa. 251; Latta v. Hax, 219 Pa. 483; Weigel v. Mercer, 1 Pa. Superior Ct. 490; Spotts v. Eisenhauer, 31 Pa. Superior Ct. 93; Baldridge v. George, 216 Pa. 231; Croneberger v. Conrad, 248 Pa. 612.

*William Kerper Stevens,* with him *Charles Wm. Matten,* for appellee, cited: Mortlock v. Buller, 10 Ves. 292;

Hill v. Buckley, 17 Ves. 394; Attorney General v. Day, 1 Ves. Sr. 217; Erwin v. Meyers, 46 Pa. 96; Burk's App., 75 Pa. 141; Napier v. Darlington, 70 Pa. 64; Latta v. Hax, 219 Pa. 483; Townsend v. Vanderwerker, 160 U. S. 171.

OPINION BY KEPHART, J., March 1, 1916:

The authority of a chancellor to decree specific performance for the undivided interest of the vendor who contracts to sell the entire estate in a piece of land is amply sustained by the authorities cited in the opinion of the learned court below, and that portion of the opinion treating of this question will be found in the report of this case. We are only concerned with the question as to whether there is here presented such a case as should cause a chancellor to refuse equitable relief. In answering it we must consider the nature of the transaction, the conduct of the parties, and all the circumstances as here presented. "Equitable relief,......is not the absolute right of either party—it is of grace only, and rests in the discretion of the court to be exercised upon a consideration of all the circumstances of the case": Rennyson v. Rozell, 106 Pa. 407. The capacity of the defendant to contract is not denied. No question of the adequacy of the price to be paid is raised, no imposition or fraud is alleged, and as the appellant states "nothing in the contract was inequitable." A lawful tender was made by the appellee, first, of the entire amount named in the contract, then of the proportionate amount defendant's interest in the property represented. The appellee did everything required of her by her contract; but even where the agreement is perfectly good and the price is adequate and no blame attaches to the purchaser if the transaction be inequitable, and unjust in itself, or rendered so by matters subsequently occurring, specific performance may be refused and the parties turned over to their remedy in damages; Friend v. Lamb, 152 Pa. 534. Appellant claims that such cir-

cumstances exist in this case. The reasons given are much the same as twice argued before the court below, and after a very careful examination of all the facts, it is our opinion that the learned court correctly sustained the contract and was liberal in its final decree to the appellant. These reasons were, first, because the plaintiff made an advantageous purchase of property which amply protected any interest of hers which might have been imperilled. Second, that the appellee misstated certain facts as to the ownership of other real estate on which she was engaged in the business of manufacturing confectionery. Third, further misstatements in her bill that the property was valuable as a store house and that there was no other property in that location having the same advantages. It is evident that these matters, entirely unrelated to the contract in question, are not such occurring since the execution of the contract, as would cause its enforcement to be inequitable and unjust or cause it to be burdensome; they do not present such equitable circumstances of merit and worth as would prevent the exercise of that judicial discretion lodged in a chancellor in decreeing specific performance. While a chancellor may inquire into a vendee's reason for the purchase of property, if a set of facts are presented warranting such investigation, equitable relief is not to be withheld solely because those reasons do not affirmatively appear. It was admitted that the appellee was a part owner of the real estate and confectionery business. This was sufficient to deny any wilful misstatement of fact and inasmuch as the bill was filed in May and lots 25 and 27 on Plum street were purchased in April, her statement that there were no other properties to purchase, in so far as the record shows, was correct. Nor does the fact that the vendee became a tenant in common with vendor's sisters create such a condition as should stay the hand of the chancellor. The circumstances which will cause a chancellor to refuse relief should be something substantial affecting the integrity of the

transaction; such as the want of capacity to contract, a hard bargain, insufficiency of facts or the evidence on which they rest, so that the conscience of the chancellor may not be moved. Where the credibility of witnesses is so involved as to make the relief doubtful, inadequacy of price, a clouded title, misrepresentation, fraud, breach of confidential relation, and many other circumstances may cause the chancellor to refuse a decree of specific performance; but the basic principle that underlies all these conditions is that it will be inequitable and unjust to enforce the contract. This is not a doubtful case; if the reasons here assigned could stay the relief sought, the discretion lodged in the chancellor would indeed be an arbitrary one, depending upon the mere pleasure of the court. The finding that "the plaintiff is not entitled to damages by reason of the failure on the part of the defendant to convey title to the entire premises or by reason of delay in conveying her interest in said premises to the plaintiff," as stated above, liberally took care of the appellant.

The assignments of error are overruled, and the decree of the court below is affirmed.