# McHale et al., Appellants, *v.* Reilly.

*Vendor and vendee—Contract—Statute of frauds—Principal and agent—Unincorporated association—Findings of fact by chancellor —Equity—Specific performance—Appeals—Review—Practice.*

1. An option is a binding contract that if the party having it elects to take the property within the specified time, the owner will convey it and the purchaser will pay the price agreed upon.

2. The statute of frauds only requires the owner of the land to sign an agreement for its sale; but this does not alter the rule that the minds of both parties must have met in order to make a contract. The meeting of the minds is the contract, and the writing but the required evidence of it in order to make it enforceable against the owner.

3. An agreement with a disclosed agent of an unincorporated association is in legal effect an agreement with all the members thereof; and hence, in order to be binding on the other party to the contract, it must ordinarily be made under such circumstances as to bind every member.

4. Where a meeting of an unincorporated association has not been properly called, those voting against a resolution to confirm an agent's action, and those not present, will not be held personally liable although the resolution was adopted.

5. The facts found by a chancellor in equity upon sufficient evidence will be sustained by this court.

6. A decree for specific performance will not be granted where its possible effect will be to subject the grantor to litigation with some of the parties, who are or should be bound by the agreement.

Argued April 12, 1922. Appeal, No. 367, Jan. T., 1922, by plaintiffs, from decree of C. P. Luzerne Co., March T., 1920, No. 6, dismissing bill in equity, in case of John J. McHale et al., for themselves and all others doing business as Pittston Counsel, No. 372, Knights of Columbus,

v. Mary A. Reilly.  Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ.  Affirmed.

Bill for specific performance of contract for sale of land.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed.  Plaintiffs appealed.

*Error assigned,* inter alia, was decree, quoting record.

*W. L. Pace,* for appellants.—Plaintiffs constituting an unincorporated society have a right to maintain this suit: Ridgeley v. Dobson, 3 W. & S. 118; Beaver v. Mc-Grath, 50 Pa. 479; Wolfe v. Limestone Council, 233 Pa. 357.

The contract is enforceable by appellants by specific performance: Hughes v. Antill, 23 Pa. Superior Ct. 290; Yerkes v. Richards, 153 Pa. 646; Barnes v. Rea, 219 Pa. 287; Phila. Ball Club v. Lajoie, 202 Pa. 210.

The contract in question did not lack mutuality because the principal or beneficiary was an uincorporated beneficial association: Babb v. Reed, 5 Rawle 151.

*R. B. Alexander,* for appellee.—To warrant specific performance, a contract must be such that its enforcement would not be nugatory: Maguire v. Heraty, 163 Pa. 381.

The option contract does not sufficiently describe or identify the land, which is the subject-matter thereof, to justify specific performance: Barnes v. Rea, 219 Pa. 287; Haupt v. Unger, 222 Pa. 439.

It is impossible to identify the land described in the bill with the land described in the option contract without the aid of parol evidence, which in an action for specific performance will not be permitted: Mellon v. Davidson, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334; Cunningham v. Neeld, 198 Pa. 41; Ballou v. March, 133 Pa. 64.

A court of equity cannot speculate on the meaning of doubtful and uncertain terms for the purpose of enforcing contracts for the sale of land. The parties to the writing must definitely express them in their written agreement: Soles v. Hickman, 20 Pa. 180; Llewellyn v. Coal Co., 242 Pa. 517.

OPINION BY MR. JUSTICE SIMPSON, May 8, 1922:

The court below refused to decree specific performance of a contract,—embodied in a receipt dated January 3, 1920,—the essential parts of which, so far as concerns this appeal, being as follows:

"'Received of Thomas H. Hopkins, agent, two hundred dollars to apply on down payment for [certain described] land of the undersigned Mary Alice Reilly..... this day sold to ———— upon the following terms, viz; This payment of $200.00, $4,800.00 on or before Feb. 25, 1920, and the balance secured by a mortgage for $10,000 for three years......

"Mary A. Reilly."

At the instance of appellants, the court below found that Hopkins bought the property as agent and representative of Pittston Council No. 372, Knights of Columbus of Pittston, Pa.; that defendant knew this; that the name of the council was intended to be and should have been filled in the blank space in the paper; and that shortly thereafter it approved the purchase.

Plaintiffs' first contention is that the receipt was merely an option or unilateral agreement and not a contract; and in either event was binding upon defendant alone and could be enforced against her. If this remarkable contention is correct, it would not assist plaintiff on this appeal, for the question is not whether, at the time it was signed, it forthwith became binding on both parties, but whether or not the mere approval by the council and the tender of the bond and mortgage, in the form hereinafter specified, were effective to give to defendant the security to which she was entitled. More-

over, plaintiffs' contention is not accurate; every option is a binding contract that, if the party having it elects to take the property within the specified time, the owner will convey it and the purchaser will then pay the price agreed upon; and every so called unilateral agreement is but the statutory method (devised to prevent frauds and perjuries) necessary in order to prove that the minds of the parties have met upon the terms of an enforceable contract; the meeting of the minds being the contract, however, and the writing but the required evidence of it.

The council, in an attempted compliance with its agreement, requested defendant to execute a deed to "Thomas H. Hopkins......in trust for John J. McHale, Martin V. Quinn and Leo P. McDonald, and all others who are members thereof, are interested in and associated together as an unincorporated beneficial society, known and doing business under the name and joint title of Pittston Council No. 372, Knights of Columbus of Pittston, Luzerne County, State of Pennsylvania," and to accept a bond and mortgage for $10,000, which he alone signed, as trustee for the same parties.

As he was a disclosed agent of the council, and it, as stated, an unincorporated association, in legal effect the agreement was with all its members, and defendant was bound to convey the property to the council or its nominee, provided it paid to her the additional sum of $4,800, and gave to her something evidencing the fact that all of the members were personally liable for the $10,000 which was to be secured by the bond and mortgage of that amount. In order, therefore, that those securities, in the form in which they were tendered, should be adequate for this purpose, it was necessary for plaintiffs to show that all the members agreed to be liable to her for the debt, or to point to some statute which made them so, or to prove some action by the council which had that effect. It was not averred or proved that the members ever so agreed individually, or that any statute made them liable; and hence if they are all to be held bound,

it must be because of their membership and a liability fixed in the way they, as members, agreed should result in binding them personally. It is contended that the action of the council in approving the purchase by Hopkins had this effect; but the court below found, upon evidence (and hence its finding must be accepted as correct: Colwes v. Meyer, 272 Pa. 323), that "the council had made no provision for compliance with the contract in accordance with its own laws and there was no way in which such compliance could have been enforced at the instance of the vendor." It follows that, even though proper action might have made all the members liable, the course actually taken did not result in binding those who voted against the majority, or were not present at the meeting. It further follows, therefore, that the bond and mortgage tendered did not give plaintiff that to which she was entitled under the contract, and hence a decree for specific performance could not properly have been entered.

Moreover, defendant was not obliged to accept anything which might subject her to litigation in endeavoring to enforce her rights under those securities. Specific performance is of grace and not of right; hence the chancellor will refuse it whenever from any cause it would be inequitable so to decree. The inequity here is apparent, since some of the members of the council oppose this purchase and others were absent when it was approved. For this reason also the decree below was right; to require defendant to convey her property might and probably would involve her in litigation with the opposing members, if she thereafter endeavored to force them to pay the balance of the purchase money.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.