## Allen et al. *v.* Mowry et al., Appellants.

*Equity—Specific performance—Contract for sale of land—Delivery of contract—Statute of frauds.*

1. Delivery of a written contract for the sale of real estate is not necessary under the statute of frauds.

2. On a bill for specific performance of a contract to sell real estate, a decree against defendants will be entered where the court finds as a fact that the parties had agreed on the sale and reduced the agreement to writing and that the paper signed by them had been retained, with the knowledge of both parties, by defendants' attorney, to prepare the necessary papers for the conveyance.

Argued May 7, 1923. Appeal, No. 322, Jan. T., 1923, by defendants, from decree of C. P. Bedford Co., April T., 1922, No. 1, for specific performance, in case of Charles W. Allen and John S. Brice v. Virgie M. Mowry et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.


*T. A. Fenstermaker,* for appellants.—The paper could not become effective as a contract until signed by defendants and delivered to plaintiffs: Allen v. Kirwan, 159 Pa. 612; Beaver v. Slane, 271 Pa. 317; Henry v. Black, 213 Pa. 620; Gorsuch v. Berman, 270 Pa. 8; Vankirk v. Patterson, 201 Pa. 90; Doughty v. Cooney, 266 Pa. 337; Piacentino v. Young, 272 Pa. 556.


*Frank B. Colvin,* for appellees.—The minds of the parties have met in a complete contract under the statute of frauds which can be enforced in equity: Barnes v. Rea, 219 Pa. 279; Yerkes v. Richards, 153 Pa. 646; Trust Co. v. Hodges, 15 Pa. Superior Ct. 299; M'Farson's App., 11 Pa. 503; Soles v. Hickman, 20 Pa. 180; Agnew v. Land Co., 204 Pa. 192.

Mr. Pennell, the attorney and agent for defendants, had implied authority to agree with plaintiffs that he would prepare the deed and mortgage called for in the contract: Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Williams v. Getty, 31 Pa. 461; Brooke v. R. R., 108 Pa. 529.


OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Plaintiffs' bill asks specific performance of a contract for sale of real estate situate in the Borough of Bedford, known as Washington's Headquarters. A demurrer to the bill was overruled and defendants answered, to which a formal replication was entered and testimony taken on behalf of plaintiffs. Defendants offered no evidence but at the close of plaintiffs' testimony moved to dismiss the bill. Exceptions to the court's findings were dismissed and a decree entered granting the prayer of the bill.

Edward M. Pennell, an attorney, acting for defendants, the owners, under authority given him to sell the property, entered into negotiations with plaintiffs which resulted in an agreement to convey for the consideration

of $6,500, payable $1,000 cash and the balance of $5,500 to be secured by a purchase-money mortgage. The written contract was prepared by Pennell, signed by plaintiffs on December 21, 1921, and by him forwarded by mail to defendants at Philadelphia for their signatures. At the time plaintiffs signed the agreement they paid Pennell $100 on account of the purchase price. Defendants subsequently discovered an error in computing the amount to remain on mortgage and returned the agreement to Pennell, accompanied by a letter calling attention to the error, and expressing satisfaction with its provisions in other respects. Pennell had the mistake corrected and a notation of the change made upon the agreement and signed by plaintiffs. On December 26th, the contract as changed was returned to defendants who signed the paper on December 27th and returned it to Pennell. The agreement was not delivered to plaintiffs, however, but retained by Pennell for the purpose of preparing the papers necessary to complete the transfer. On December 28th, before these papers were ready to be executed, but partly prepared, defendants notified Pennell by telephone from Philadelphia of having received a higher offer for the property, and, on January 11, 1922, informed him they had decided not to sell and "to call off all sale negotiations." Following this notice Pennell offered to return the $100 paid on account of the purchase money; this offer, however, was refused by plaintiffs who tendered the remainder of the cash payment and demanded defendants execute and deliver a deed.

The facts are not disputed and the principal contention of defendants is there was no delivery of the signed contract making it binding on defendants and, consequently, no written memoranda to satisfy the statute of frauds. We deem unnecessary an elaborate discussion of the question whether delivery of a writing for the sale of real estate is necessary under the statute of frauds. That question has been before this court in a number of cases and we have uniformly held an actual delivery is

not required. The meeting of the minds of the parties is the contract and the writing the evidence to make it enforceable (McHale v. Reilly, 274 Pa. 175, 178) ; physical delivery is not necessary; it must, however, appear that what was done was intended by the parties as a complete agreement (Witman v. Reading, 191 Pa. 134, 140).

In this case, the court below found, on ample evidence, defendants desired to sell the property in controversy and constituted Pennell their agent for that purpose; that he negotiated with plaintiffs, sold to them, received part of the purchase money and the contract was reduced to writing, signed by both parties and returned to Pennell for the purpose of completing its terms. Plaintiffs were notified by Pennell that the contract had been executed by defendants and would be retained by him for the purpose of drawing the deed and mortgage. Clearly, the agreement was binding on both parties, as nothing remained to be done as a condition precedent to its becoming effective. The parties considered the deal closed when defendants signed and returned the agreement and the court below properly decreed specific performance.

The decree of the court below is affirmed at appellants' costs.