Axe, Appellant, *v.* Potts et al.

Argued April 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

346

*Abraham L. Shapiro,* of *Shapiro & Shapiro,* for appellant.

*William H. Steeble,* of *Freeman, Fox & Steeble,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

This is an appeal from the decree of the court below dismissing plaintiff's bill in equity for specific performance of an agreement to sell real estate. Defendants' answer raising preliminary objections to the bill was sustained.

Defendants, J. Webb Potts, C. William Potts, Elizabeth Gordon Geasland, are the owners as tenants in common of a certain piece of real estate situate in the City and County of Philadelphia. The corporate defendant, Priestman-Helmetag Company, is engaged in the real estate brokerage business and was authorized in writing to hold the premises for sale. Plaintiff offered the corporate defendant $12,500 for the property and delivered her check in the sum of $1,000 as earnest money. This offer was rejected, whereupon plaintiff increased the amount to $15,000. The corporate defendant prepared a written agreement of sale whereby the individual defendants were to convey the property to plaintiff for $15,000, payable $1,000 down and the balance at settlement. The agreement contained the usual provision for the tender of a good and marketable title by the sellers and fixed the final date for settlement at September 20, 1943. Plaintiff's check for $1,000 was deposited by the broker and the agreements of sale, executed by plaintiff in triplicate, were forwarded to the individual defend-

ants for signature. The bill avers that the agreements were signed by two of the three individual defendants, but avers that, despite the assurances of the broker that the third signature would be obtained, the agreements have never been delivered to her and the property has been sold by the defendants to another purchaser for a sum in excess of $15,000. The bill recites that plaintiff has been unable to obtain a disclosure of the names of the two individual defendants who signed the agreement and prays that the court order a discovery by the broker of its written authority and all correspondence between it and the individual defendants; that the defendants produce copies of the agreement of sale; that they be enjoined from alienating the real estate involved and that specific performance of the agreement with plaintiff be decreed.

The question is therefore raised: Where two of three co-owners of real estate have executed an agreement of sale to convey the entire fee and the agreement remains undelivered and unsigned by the third owner, will equity (a) decree specific performance of the contract to convey the whole fee or (b) order a conveyance by those who executed the agreement of their undivided interests in the property?

The Statute of Frauds (Act of March 21, 1772, 1 Sm. L. 389, 33 PS, section 1), which is relied upon by defendants, provides that contracts to create an interest in real estate shall be unenforceable unless they be "in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing." This provision is satisfied if the parties to be charged, or their properly authorized agent, have executed a writing embodying the terms of the agreement. Delivery of the agreement is not necessary provided it can be proved to have been executed with the intention that it be effective. See *Allen v. Mowry,* 278 Pa. 64, 122 A. 168; *McHale v. Reilly,* 274 Pa. 175,

117 A. 912; *Witman v. Reading,* 191 Pa. 134, 43 A. 140. It has, therefore, been held that delivery of an agreement to sell real estate to an agent who retains same for the purpose of preparing a deed and mortgage is sufficient. *Allen v. Mowry,* supra. In that case, however, it was expressly stated, page 67: ". . . it must, however, appear that what was done was intended by the parties as a *complete agreement.*" In the present case, the agreement was executed only by the vendee, whose signature alone is insufficient (*Everhart v. Dolph,* 133 Pa. 628, 19 A. 431) and by, according to the bill, two of the three owners. Although the broker was averred to have had written authority, it did not execute the contract on behalf of the owners. It is clear, therefore, that the undelivered agreement remained incomplete and did not satisfy the Statute of Frauds because it was not signed by all of the necessary parties.

On this appeal, plaintiff raises for the first time the contention that, even if the agreement be executed by only two of the three owners, nevertheless it operates as a written agreement on behalf of those two signatories to convey their undivided interest in the real estate. The cases cited by plaintiff for this proposition (*Hollis v. Bland,* 62 Pa. Superior Ct. 505; *Farber v. Blubaker Coal Co.,* 216 Pa. 209, 65 A. 551;) are cases in which a single vendor, having but an undivided interest in real estate, purports by his written agreement to convey the whole fee. In such cases, it has been held that the purchaser may elect to treat the contract as an agreement by the seller to convey his interest in the land with an appropriate abatement of price or may rescind the contract. In those cases, the vendor purported to be the owner of the whole fee and the contract to sell was complete on its face. In the present case, the agreement designated three persons as the owners, and when executed by only two of them, was patently incomplete. The agreement was not joint and several, but joint only, and we cannot

substitute for the terms therein set forth the terms of a new and different contract. *Sidle v. Kaufman*, 345 Pa. 549, 29 A. 2d 77, also cited by appellant, is clearly not in point.

The payment of $1,000 to the broker by plaintiff was not a sufficient part performance of the parol agreement to take the contract out of the Statute of Frauds. Our cases are very explicit regarding the degree of performance required to enable the vendee to enforce such an agreement. Here, plaintiff was not in possession of the land, had not made valuable improvements thereto, or created a patent appearance of ownership, but had merely tendered a small portion of the purchase price. See *Hill v. Meyers*, 43 Pa. 170; *Withers' Appeal*, 14 S. & R. 184; *Bratsch v. McCarthy*, 141 Pa. Superior Ct. 490, 15 A. 2d 404.

The decree is affirmed at appellant's cost.