## Levin, Appellant, *v.* Fidelity-Philadelphia Trust Company, Trustee, et al.

Argued December 1, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Harry C. Liebman,* for appellant.

*Henry Arronson,* with him *Drinker, Biddle & Reath, Ronald C. Heisler, Walter B. Gibbons, Edward P. Loughran* and *Gerald Ronon,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 5, 1948:

Louis Levin, appellant, filed this bill in equity for specific performance of an agreement for the sale of real estate entered into between him and Fidelity-Philadelphia Trust Company, agent for beneficiaries under the Will of Sarah McCaul, and Builders Holding Company, vendor. Answers containing new matter were filed

alleging that under the terms of the agreement of sale, acceptance of a subsequent higher offer by the vendors would discharge the contract.* A reply to new matter denied vendor's right to discharge the agreement of sale. After a hearing, the chancellor concluded that: (1) the contract specifically provided for termination by vendor upon receipt of a higher offer; (2) the obligations contained in the contract were joint; (3) vendor was not estopped to assert the termination clause in the contract; and (4) the bill be dismissed and costs imposed evenly upon the parties. This appeal is from the decree of the court *en banc* dismissing exceptions to the chancellor's adjudication.

Fidelity-Philadelphia Trust Company, agent for beneficiaries under the will of Sarah McCaul, and Builders Holding Company, designated vendor, and Louis Levin, vendee, appellant, entered into an agreement on February 11, 1946, for sale to the latter of premises 10 South 10th Street, Philadelphia, for the sum of $28,000. Twenty-five hundred ($2500) dollars was paid to vendor upon execution of the agreement and the balance to be

---

* "22. If Vendor is acting hereunder in a fiduciary capacity, either as to the whole interest in the said premises or as to any fractional part thereof, and if Vendor shall receive an offer for the purchase of said premises at a higher price or on more favorable terms, prior to the completion of the full settlement hereunder (i. e. before the delivery of an executed Deed by Vendor to Vendee and the receipt by Vendor from Vendee of the full consideration therefor as hereinabove provided) Vendor may terminate this agreement and return the deposit money, without interest, which shall be accepted by Vendee in lieu of all claims for damages and/or specific performance. The Vendor shall be deemed to be acting hereunder in a fiduciary capacity when the agreement contains, or Vendor adds to its signature, words indicating that it contracts or signs in its capacity as Executor, Administrator, Guardian, Trustee, (Whether such trusteeship exists under a testamentary or inter vivos instrument, or by decree or order of any court) or in any similar capacity, or as Agent, if the principal or any one of the principals for whom it is acting as agent, own or have an interest in the premises as fiduciary in any of the capacities as above enumerated."

paid at the time of settlement within 90 days from the execution of the agreement. On or about April 15, 1946, appellant, pursuant to the agreement of sale, delivered to vendor a prepared deed to be executed by the respective grantors. The deed was sent to St. Ignatius Church, Portland, Oregon, on May 7, 1946, for execution and was returned without a court certificate attached to a notarial acknowledgment. On May 21, it was returned to Portland by air mail for proper certification. On June 10, it was sent to the Philadelphia Protectory for Boys for execution, then to St. Joseph's Hospital, and sent off again on June 17.

The date of the expiration of the agreement was May 15, 1946. On that day it was extended by mutual agreement for 30 days, or until June 11. On June 25, appellant's agent advised Fidelity-Philadelphia Trust Company, vendor, that he, appellant, was prepared to make settlement and had arranged the same for 4:00 P. M. on Wednesday, June 26, at the office of Commonwealth Title Company. The following day, appellant was notified that vendor would not be in a position to complete settlement by reason of the fact that the deed had not yet been fully executed by all parties and further, that vendor had received a higher and more advantageous offer for the property, regarding which appellant would be more fully advised. On June 21, vendor had received an offer of $35,000 cash, which was accepted and an agreement entered on June 26, 1946.

Appellant's statement of questions involved presents two contentions: (1) that under *Kane v. Girard Trust Company*, 351 Pa. 191, 40 A. 2d 466, 469, "the delay in passing title [was] due solely to the fiduciaries' arbitrary tardiness" and, therefore, vendor was estopped to terminate the agreement because of the receipt of a higher offer, and (2) that Fidelity-Philadelphia Trust Company and Builders Holding Company, represented holders of separate interests in the land, and the agree-

128

ment was, therefore, joint and several and enforceable against Builders Holding Company alone. These contentions cannot be sustained.

Whether the exception stated in *Kane v. Girard Trust Company*, supra, and relied upon by appellant is applicable to contracts executed after the Act of 1945, P. L. 944, 20 PS section 818, et seq., permitting fiduciaries to reserve to themselves the right to terminate an agreement of sale upon receipt of a higher offer need not now be determined. It is sufficient that there is no evidence which would support a finding of "the fiduciaries' arbitrary tardiness." The record is devoid of proof of acts, representations or promises of any sort intentionally or recklessly made for the purpose of inducing appellant to refrain from asserting any legal rights which he might have had. Cf. *Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 196, 27 A. 2d 20; *Fried v. Fisher,* 328 Pa. 497, 501, 196 A. 39. Vendor acted within the terms of the agreement when it terminated the same because of receipt of a higher offer prior to completion of final settlement.

Promises made by two or more persons are presumed to be joint and not several or joint and several in the absence of an apparent intention to the contrary: *Yadusky v. Shugars,* 301 Pa. 99, 102, 151 A. 785. The intention of the parties must be determined from the language used in the instrument under consideration. In the instant case, the agreement of sale, considered in its entirety, clearly reveals that the promises were intended to be joint and not joint and several. No words from which joint or several liability could properly be inferred are contained therein. Appellant's contention, if sustained, would create an absurd result. Fidelity-Philadelphia Trust Company could not accept a higher offer or be permitted to refuse to convey to him, nor to execute the original contract or a second contract at a higher offer because the original vendee would be bound by his contract. Intention to effect an absurd result will

never be imputed to the parties to a contract. In *Axe v. Potts*, 349 Pa. 345, 348, 37 A. 2d 572, this Court affirmed a decree dismissing a bill for specific performance where the agreement was executed by only two of three owners. Appellants there contended that the written agreement of the two signatories should have been enforced and they be required to convey their undivided interest in the real estate. The agreement was held to be joint only.

The cases cited by appellant have been considered and are deemed inapposite.

Decree affirmed; each party to pay its own costs.