## Warwick v. Mutual Benefit Health and Accident Association

*Richard L. Placey*, for plaintiff.

*James H. Stewart, Nauman, Smith, Shissler & Hall*, for defendant.

SHELLEY, J., December 6, 1965.—This matter is before us on a preliminary objection in the form of a demurrer to plaintiff's complaint in assumpsit.

Plaintiff, as the beneficiary, brought an action on a policy of insurance, wherein the husband of plaintiff was the insured. A copy of the basic policy,[1] with three

---

[1] "HEREBY INSURES the person named in the Schedule on the last page hereof (herein called the Insured), subject to the provisions of this policy, against certain specified losses (see Schedule on last page hereof for losses covered) resulting, independently of all other causes, from accidental bodily injuries received by the Insured while this policy is in force and (1) while riding as a passenger in, boarding or alighting from, or by being struck by an aircraft operated (a) by a scheduled airline of United States Registry holding a Certificate of Public Convenience and Necessity issued by the Civil Aeronautics Board of United States of America or its successors, (b) by an intrastate scheduled airline of United States Registry maintaining regular published schedules and licensed for the transportation of passengers by a duly constituted authority having jurisdiction over civil aviation in the state in which said airline operates, (c) by a scheduled airline of foreign registry maintaining regular published schedules and licensed for transportation of passengers by the duly constituted governmental authority having jurisdiction over civil aviation in the country of registry of such airline, (d) by, or contracted for by, the Military Air Transport Service (MATS) of the United States, or (e) by the Royal Canadian Air Force Air Transport Command or the Royal Air Force Air Transport Command of Great Britain; or (2) while in or upon any premises or surface vehicle used for passengers and provided or arranged for by the airline or the authorities controlling an established airport, but only while the Insured is in or upon such premises or surface vehicle for the purpose of beginning, continuing or completing an air trip.

"Loss of Life, Limb or Sight

"Part A.

"When covered injuries result in any of the following specific losses within 13 weeks from the date of the accident, the Association will pay for loss of:

rider forms, is attached to the complaint as an exhibit. The rider forms are identified as rider form 1606M,[2] rider form 1959M,[3] and rider form 2162M.[4] Rider

"Life: Principal Sum
"Both Feet or Both Hands or Both Eyes: Principal Sum
"One Hand and One Foot: Principal Sum
"One Hand and One Eye or One Foot and One Eye: Principal Sum
"One Hand or One Foot or One Eye: One-Half Principal Sum
One-Half Principal Sum

"The Principal Sum referred to above is shown in the Schedule on the last page hereof.

"Loss of hand or hands, or foot or feet, referred to above, shall mean severance at or above the wrist-joint or ankle-joint respectively. The loss of eye or eyes shall mean the total and irrecoverable loss of the entire sight thereof. Only one of the amounts (the largest applicable thereto) specified in this Part A will be paid for injuries resulting from any one accident.

[There appears on the first page of the basic policy in large overwritten characters the words "THIS IS A LIMITED POLICY READ IT CAREFULLY."]

[2] "COMMON CARRIER PASSENGER TRAVEL ACCIDENT RIDER
"[Form 1606M]

"This rider is made a part of the policy to which it is attached and is subject to all provisions of the policy which are not in conflict with the provisions of this rider.

"Effective Date (same as Policy Date if no date Shown): ———

"Premium (included in the policy premium if no amount shown): $———

"In consideration for the payment of the premium for this rider the coverage of the policy is hereby extended to include accidental bodily injuries received while this rider is in force and while the Insured, as a passenger, is riding in, boarding or alighting from any public land, air or water conveyance provided by a common carrier primarily for passenger service.

"EXCEPTIONS

"This rider does not cover (a) suicide, sane or insane, or (b) any loss caused by act of declared or undeclared war.

"Form 1606M.

[3] "GOLDEN ANNIVERSARY TRAVEL ACCIDENT DEATH BENEFIT RIDER
"[Form 1959M]

"This rider is issued to you, the person named as the Insured in the Mutual Benefit Health & Accident Association policy to which this rider is attached.

form 1959M was superseded by rider form 2162M.

There appears on the first page of the basic policy in large overwritten characters the words "THIS IS A LIMITED POLICY READ IT CAREFULLY". The provisions of the basic policy restrict coverage to loss

"TWO THOUSAND ($2,000.00) DOLLARS
will be paid to the beneficiary named in the policy, or to your estate if no beneficiary is named, in addition to any other benefits payable under the policy if (1) you receive any of the following covered injuries during any term of the policy which begins on or after April 1, 1959 and for which an annual premium has been paid in advance in one sum, and (2) the injuries result in your death, independently of other causes, within 90 days after the date of the accident.

"ONE THOUSAND ($1,000.00) DOLLARS
will be paid if the injuries are received during any term of the policy which begins on or after April 1, 1959 and for which a semiannual premium has been paid in advance in one sum, subject to condition (2) above.

"FIVE HUNDRED ($500.00) DOLLARS
will be paid if the injuries are received during any term of the policy which begins on or after April 1, 1959 and for which a quarterly premium has been paid in advance in one sum, subject to condition (2) above.

"COVERED INJURIES

"Accidental bodily injuries which you receive while you are driving or riding in any private passenger automobile or while you are riding as a passenger in any land, water or air conveyance provided by a common carrier, but not including injuries resulting in death caused by suicide or act of war, or death occurring while in an Armed Service.

"ADDITIONAL PROVISIONS

"This rider is subject to all provisions of the policy which are not in conflict with the provisions of this rider. If more than one rider of this form is attached to the policy, benefits will be payable under only one of them.

"Form 1959M"

[4] "IMPORTANT NOTICE TO POLICYOWNERS

"[Form 2162M]

"On its Golden Anniversary, the Company began issuing the 1959M Travel Benefit Rider without additional cost to regular individual policyowners. The following rider includes and INCREASES THE BENEFITS of rider 1959M and is issued as a replacement for it WITHOUT COST. You will be eligible for these

of life or specific injuries received by the insured while riding, etc., in certain defined aircraft, or while in or upon premises or surface vehicles used for passengers and provided for or arranged by the airline or authorities controlling the established airport while beginning, continuing or completing an air trip.

benefits so long as you CONTINUOUSLY KEEP YOUR POLICY IN FORCE. Notice will be given to you of any further increases in benefits authorized.

"Travel Accident Death Benefit Rider

"This rider is issued to you, the person named as the Insured in the Mutual of Omaha Insurance Company policy to which it is attached, and becomes effective on May 1, 1962 or the Policy Date, whichever is later. The benefits of this rider will be paid in addition to any other benefits payable under the policy, except that if a Form 1959M Rider is attached to your policy, the benefits of this rider will be paid in lieu of the benefits provided by Rider Form 1959M.

"Benefits

"The applicable benefit amount shown below will be paid to the beneficiary named in the policy or to your estate if no beneficiary is named, if covered injuries result in your death, independently of other causes, within 90 days after the date of the accident.

"TWO THOUSAND ($2,000.00) DOLLARS
will be paid if covered injuries are received during any term of the policy for which an annual premium has been paid in advance in one sum.

"ONE THOUSAND ($1,000.00) DOLLARS
will be paid if covered injuries are received during any term of the policy for which a semiannual premium has been paid in advance in one sum.

"FIVE HUNDRED ($500.00) DOLLARS
will be paid if covered injuries are received during any term of the policy for which a quarterly premium has been paid in advance in one sum.

"Increases in Benefits

"After one year following the effective date of this rider, the benefit amounts shown in this rider will be increased 25%. After two years, they will be increased an additional 15% (the total accumulated increase will then be 40%). After three years, they will be increased an additional 10% (the total accumulated increase

The policy issued to plaintiff's decedent was dated April 4, 1961, and in the schedule attached thereto provided for a premium of $61 and a principal sum of $100,000, and named plaintiff as beneficiary.

· To the policy is attached a rider form 1606M, entitled "Common Carrier Passenger Travel Accident Rider", which states, inter alia:

"In consideration for the payment of the premium for this Rider the coverage of the policy *is hereby extended to include*[5] accidental bodily injuries received while this Rider is in force and while the insured, as a passenger, is riding in, boarding or alighting from any public land, air or water conveyance provided by a common carrier primarily for passenger service".

Likewise attached to the policy when issued was a rider form 1959M,[6] entitled "Golden Anniversary Travel Accident Death Benefit Rider", which provides for the payment of $2,000 to the beneficiary named in the policy, *in addition to any other benefits payable under the policy,* if the injuries occur during a policy term when an annual premium has been prepaid and the injuries result in death, independent of other causes, within 90 days of the accident; and likewise providing

will then be 50%). The applicable increase will be the increase in effect on the date of death.

"COVERED INJURIES

" 'Covered injuries' mean accidental bodily injuries which you receive while you are driving or riding in any private passenger automobile or while you are riding as a passenger in any land, water or air conveyance provided by a common carrier, but not including injuries resulting in death caused by suicide or act of war.

"ADDITIONAL PROVISIONS

. "This rider is subject to all provisions of the policy which are not in conflict with the provisions of this rider. If more than one rider of this form is attached to the policy, benefits will be payable under only one of them.

"Form 2162M"

[5] Emphasis supplied unless otherwise indicated; also see footnote 2.

[6] See footnote 3.

for lesser sums for prepaid premiums for shorter periods, and under the heading "Covered Injuries", the rider states:

"Accidental bodily injuries which you receive while you are driving or riding in any private passenger automobile or while you were riding as a passenger in any land, water or air conveyance provided by a common carrier, but not including injuries resulting in death caused by suicide or act of war or death occurring while in an armed service".

Likewise attached, as an exhibit to the complaint, was a rider form 2162M [7] carrying the heading "Travel Accident Death Benefit Rider", at the top of which is the heading "Important Notice to Policy Owner", which reads as follows:

"On its Golden Anniversary, the company began issuing the 1959M Travel Benefit Rider without additional cost to regular individual policy holders. The following rider includes and INCREASES THE BENEFITS of Rider 1959M and *is issued as a replacement for it* WITHOUT COST. You will be eligible for these benefits so long as you CONTINUOUSLY KEEP YOUR POLICY IN FORCE. Notice will be given to you of any further increases in benefits authorized".

Form 2162M became effective May 1, 1962, and provides:

"The benefits of this rider will be paid in addition to any other benefits payable under the policy, except that if a Form 1959M rider is attached to your policy, *the benefit of this rider will be paid in lieu of the benefit provided by Rider Form 1959M*".

Rider form 2162M provided various amounts of benefits, depending upon the amount of the prepaid premium, calling for $2,000 to be paid upon the prepayment of an annual premium, and likewise provided for var-

---

[7] See footnote 4.

ious increases of benefits depending on the length of time the rider was in force. The rider provides:

"The applicable benefit amount shown below will be paid to the beneficiary named in the policy, or to your estate if no beneficiary is named, if covered injuries result in your death, independent of other causes, within ninety days after the date of the accident".

Rider form 2162M also provides, under the heading "Covered Injuries":

" 'Covered injuries' mean accidental bodily injuries which you receive while you were driving or riding in any private passenger automobile or while you were riding as a passenger in any land, water or air conveyance provided by a common carrier, but not including injuries resulting in death caused by suicide or act of war".

The rider likewise provided under the heading "Additional Provisions":

"This rider is subject to all provisions of the policy which are not in conflict with the provisions of this rider. If more than one rider of this form is attached to the policy, benefits will be payable under only one of them".

The insured died as a result of injuries sustained while he was driving an automobile. As a result of the death of the insured, plaintiff is demanding the sum of $112,500, which she claims is due her under the policy.[8]

---

[8] The amount is computed as follows:

| | |
|---|---|
| Principal sum under Basic Policy | $100,000 |
| Increments allowed for two periods of 12 months that policy is enforced at rate of 5% per renewal or 10% | 10,000 |
| Rider 2162M principal sum | 2,000 |
| Increment allowed after 1 year following effective date of policy of 25% | 500 |

Notice of the accident, the claim under the policy, and proof of loss were filed with defendant. A check in the sum of $2,500, marked as payment in full of all liability under the policy, was issued by defendant to plaintiff.[9]

The issue before us is whether the statement in rider form 2162M [10] as to the scope of its benefits, in terms of a definition of covered injuries, is sufficient to constitute an intent to redefine the term "covered injuries", as used in the basic policy.[11] Plaintiff contends she is entitled to recover, because there is ambiguous language in the basic policy and the riders attached thereto in that respect. She avers that the definition of "covered injuries" appearing in rider form 2162M should be read into the basic policy. Defendant contends it should not be so construed.

It is well settled in Pennsylvania that a policy of insurance provides coverage only for those risks or causes of loss which are assumed under its term and for no others. It is also well settled in Pennsylvania that where, by reason of ambiguity in the language employed in a policy or contract of insurance, there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted: Weissman v. Prashker, 405 Pa. 226 (1961). It is also settled law in Pennsylvania that contracts of insurance, like other contracts, must receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties (Dzurko v. Pilot Life Insurance Company, 195 Pa. Superior Ct. 267 (1961)), and the policy, like every other contract, must be read in its entirety and the intent gathered from a consideration of

---

[9] The check has not been negotiated by plaintiff.

[10] See footnote 4.

[11] See footnote 1.  .    . .    . . . . . . . . .    .    .

the entire instrument; it cannot be construed to mean otherwise than what it clearly says: Smith v. Cassida, 403 Pa. 404 (1961).

The policy in question, in effect, contains two separate benefit provisions. In the basic policy, the insurer agrees to pay the beneficiary therein the sum of $100,-000, provided the insured's death results from accidental bodily injuries received by the insured while the policy is in force while riding, etc., in certain defined aircraft, or while in or upon premises or surface vehicles used for passengers and provided for or arranged by the airline or authorities controlling the established airport while beginning, continuing, or completing an air trip.[12] Rider form 1606M increases the coverage provided in the basic policy to accidental bodily injuries received while the rider is in force, and while the insured as a passenger is riding in, boarding or alighting from any public land, air or water conveyance provided by the common carrier primarily for passenger service.[13] Rider form 2162M, which replaces the provisions contained in rider form 1959M,[14] is, in effect, a separate risk of insurance. It contains provisions for the payment of certain fixed and definite sums of money if the insured sustains bodily injuries while driving or riding in any passenger automobile.[15]

Defendant has filed a demurrer, averring that the issue can initially be determined by a determination of appropriate construction of the policy on which claim has been made. It contends that the policy on its face shows that no claim can be sustained under the facts set forth in the complaint; that the question of construction of a written document is a question of law. With this contention, we agree.

---

[12] See footnote 1.
[13] See footnote 2.
[14] See footnote 3.
[15] See footnote 4.

In interpreting a written agreement, it is the duty of the court to ascertain the intention of the parties and to give effect to that intention, if it can be done consistently and with legal principles: Edwin J. Schoettle Co. Appeal, 390 Pa. 365, 371 (1957). The function of the lower court, as well as the appellate court, is to ascertain the intention of the parties from the language of the contract which is unambiguous in character: Quarture v. Allegheny County, 141 Pa. Superior Ct. 356, 359 (1940). In construing the contract of insurance, we are of the opinion that the provisions of the basic policy and rider do not contain any ambiguous provisions and the policy in question must be given a reasonable construction and not one which leads to an absurdity: Levin v. Fidelity-Philadelphia Trust Company, 358 Pa. 124 (1948).

Giving the language of the policy and the riders their ordinary and commonly accepted meaning, we must conclude that the purpose of the rider was to give the insured an additional benefit in the nature of a bonus. Any other conclusion would be absurd.

In order to ascertain the intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects that apparently they have in view and the nature of the subject matter of the agreement: Hindman v. Farren, 353 Pa. 33, 35 (1945).

Plaintiff's decedent desired, acquired and paid for a policy of accident insurance, which provided for his beneficiary certain benefits in the event of injuries received by the insured while riding as a passenger in, upon, or alighting from, or being struck by, an aircraft, and while in or upon any premises or surface vehicle used for passengers and provided or arranged for by the airline or the authorities controlling an established airport, or while the insured was in or upon such premises or surface vehicle for the purpose

of beginning, continuing or completing his air trip. Without additional cost, there was issued to him rider form 2162M as a bonus, the coverage of which was for bodily injuries received while driving or riding in any private passenger automobile.

While a summary judgment should be entered only where the case is clear and the pleadings are not amendable, the present case is one in which the facts are clear; the issue involves merely the interpretation and application of the law to those facts: Knecht v. Medical Service Association of Pennsylvania, Inc., 186 Pa. Superior Ct. 456, 459 (1958).

We conclude that the terms of the policy and riders are clear and unambiguous, and that defendant's demurrer must be sustained.

Accordingly, we make the following

ORDER

And now, December 6, 1965, the demurrer of defendant is sustained.