Anna **REED**, on behalf of herself and all others similarly situated applicants for teaching positions, Appellant

v.

**PITTSBURGH BOARD OF PUBLIC EDUCATION**, School District of the City of Pittsburgh and Jean Fink, Elizabeth Healy, Alex Matthews, Evelyn B. Neiser, Maggie Schmidt, Ronald L. Suber, Randal Taylor, Jean E. Wood and Darlene Harris individually.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 2004.

Decided Nov. 18, 2004.

Daniel W. Ernsberger, Pittsburgh, for appellant.

Neva L. Stanger, Pittsburgh, for appellees.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and MIRARCHI, Senior Judge.

OPINION BY Judge SIMPSON.

Anna Reed appeals an order of the Court of Common Pleas of Allegheny County (trial court) that granted summary judgment to the Pittsburgh Board of Public Education, the School District of the City of Pittsburgh (School District) and individual members of the School Board (collectively with School District, Defendants). Reed argues Defendants' failure to hire her as a teacher breached her contract with Defendants. Because we agree no contract existed, we affirm.

Pursuant to the Public School Code of 1949 (Code),[1] the School District is required to keep lists of eligible teachers, kept as nearly as possible in order of rank or standing. Section 2110 of the Code, 24 P.S. § 21–2110(a).[2] No one may be hired to teach in the School District whose name is not within the top 10% of the names on the list. 24 P.S. § 21–2110(b).

Reed first was in the top 10% of the eligibility list in 1996. However, she was not hired that year, and four other applicants who placed lower on the list and not within the top 10% were hired.[3] Defendants assert their failure to hire Reed in 1996 was an inadvertent mistake. In 1997 and again in 1998, Reed also was in the top 10% of the eligibility list, but was not hired in favor of other applicants who were in the top 10%. Reed was hired in 1999.

Reed filed a complaint in federal court, alleging Defendants violated her due process rights and breached their contract with her. Reed's amended complaint contains the following contract claim averments:

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

2. Section 2110 states in its entirety,

   (a) Eligible lists, properly classified containing the names of persons who have received certificates of qualifications to teach, and arranged as nearly as possible in the order of rank or standing, shall be kept in the office of the superintendent of schools, and shall be open to inspection by members of the board of public education, associate and district superintendents, and principals.
   (b) Except as superintendent of schools, associate superintendent, assistant district superintendent, director of a special branch, or as a principal of a high school, junior high school, state teachers' college, or vocational school, no person shall be appointed, promoted, or transferred to any educational

19. Mrs. Reed and the Pittsburgh Public Schools, as represented by the School Board contractually agreed that if she took and passed the eligibility examination the Pittsburgh Public Schools would retain her on the eligibility list for four years. It was contractually agreed and understood that if she placed highly on the examination, and a job was available, she would be interviewed and awarded a job according to her merit.

20. The Defendant, Pittsburgh Public Schools, as represented by the School Board, breached the contract by failing to retain her on the eligibility list. It breached the contract by failing to interview her for the jobs available. It bypassed her in favor of a lower ranking individual without notice and opportunity to be heard.

21. As a direct and legal result of the School Board's failure to retain her position on the eligibility list and to bypass her without notice and opportunity to be heard, Plaintiff has lost wages and benefits of employment with the City of Pittsburgh,

   position in the public school system, in school districts of the first class, whose name does not appear among the three highest names upon the proper eligible list, and in school districts of the first class A, whose name does not appear among the top five names upon the proper eligible list, or within the top ten per centum (10%) of the names upon the list, whichever is greater. No person holding a position at the time of the passage of this act shall be displaced by the above provisions.
   24 P.S. § 21–2110.

3. Although the record is not clear as to whether the four other applicants were in the top 10%, for purposes of Defendants' summary judgment motion, we must view the evidence in the light most favorable to Reed. Therefore, we assume for present purposes only the four other applicants were not in the top 10%.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages.

Certified Record, Amended Complaint at 6–7.

Reed sought monetary damages and mandamus and injunctive relief. The federal court granted Defendants' summary judgment motion as to Reed's federal due process claim, and declined to exercise pendent jurisdiction over Reed's state law contract claim.

Reed's state law contract claim was then transferred to state court. Defendants filed a summary judgment motion on the contract claim, which the trial court granted, concluding no contract existed. The trial court quoted dictum from the federal court's opinion:

Finally, we decline to exercise jurisdiction over the pendent breach of contract claim (Count II). The breach of contract claim is without any factual support. We have a mere assertion that every applicant who is on the eligibility list has a legally enforceable contract with the School District. We cannot see how placement on an eligibility list creates a legally enforceable contract with essential terms made plain; there has not been any offer, acceptance, due consideration, or an intention to be bound.

Trial court slip op. at 3, quoting *Reed v. Pittsburgh Bd. of Pub. Educ.*, 2002 WL 32397123 (W.D. Pa., No. 99–1150, filed August 8, 2002) (citations omitted).[4]

Reed now appeals to this Court.[5] On appeal, Reed concedes there was no breach when Defendants hired other applicants from within the top 10% of the eligibility list. *See* Appellant's Reply Brief at 2 n. 1. However, Reed asserts Defendants breached their contract with her in 1996, when they failed to hire her in favor of applicants who were not in the top 10% of the list.

■■■ This issue here is whether a contract existed between Reed and Defendants. It is axiomatic that, to form a contract, there must be an offer, acceptance, and consideration. *Koken v. Steinberg*, 825 A.2d 723 (Pa.Cmwlth.2003). A breach of contract claim is made out where there was a contract, a duty imposed by that contract was breached, and damages resulted from the breach. *Id.*

Reed argues Defendants' offer consisted of a form titled "Pittsburgh Public Schools Eligibility List Requirements." Reproduced Record (R.R.) at A–121. That form states, "State law requires that professionals place on an eligibility list in their *certification area* to be considered for employment in the Pittsburgh Public Schools." *Id.* (emphasis in original). Reed says that statement, combined with Section 2110 of the Code, created an offer by Defendants to form a unilateral contract with Reed and any other person who met the eligibility list requirements. Reed asserts that if she accepted the offer by participating in

---

**4.** The trial court also relied on an unpublished federal court case with materially identical facts.

**5.** As this Court recently observed,

Summary judgment is properly granted where there is no genuine issue of material fact as to a necessary element of a cause of action and the moving party has clearly established entitlement to judgment as a matter of law. The record must be viewed in the light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Our review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion.

*Dunkle v. Middleburg Mun. Auth.*, 842 A.2d 477, 480 n. 6 (Pa.Cmwlth.2004) (citations omitted).

the process to be placed on the eligibility list, Defendants promised they would hire within the top 10% of the eligibility list as required by the Code. Reed argues she accepted Defendants' offer when she participated in the process to be placed on the eligibility list.

■ We conclude the trial court did not err when it found no contract existed between Reed and Defendants because Defendants did not make an offer. Rather, the Eligibility List form was at most an invitation to apply which contemplated a further manifestation of intent. Also, the Eligibility List form was too uncertain in terms to constitute an offer.

■ Although Reed asserts the Eligibility List form constituted an offer to her, such preliminary negotiations do not amount to an offer: "A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent." Restatement (Second) of Contracts § 26 (1979). Whether a statement is intended as an offer must be examined in light of the surrounding circumstances. Pa. SSJI (Civ) § 15.00(A)(rev. January, 2003). A request for bids or an invitation for others to make an offer is not an offer. *Id.* at (A)(1).

As a matter of law, Defendants' Eligibility List form was not an offer; rather, it was at most an invitation for persons such as Reed to apply for teaching positions. The form contemplated the need for Defendants to make a further manifestation of assent. Thus, the form states persons on the eligibility list will be "considered" for employment. While Reed fulfilled the requirements to be on the eligibility list, Defendants did not make any further man-

ifestation of assent to hire Reed. Therefore, no contract was formed.

■ Moreover, the terms of the alleged contract between Reed and Defendants are uncertain in a number of respects. As the Restatement (Second) of Contracts states,

Certainty

(1) Even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain.

(2) The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.

(3) The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.

Restatement (Second) of Contracts § 33 (1979). "An agreement is definite if it indicates that parties intended to make a contract and if there is an appropriate basis upon which a court can fashion a remedy." *Biddle v. Johnsonbaugh,* 444 Pa.Super. 450, 664 A.2d 159, 163 (1995). If a court, due to indefiniteness or incompleteness, is unable to determine if a contract was performed, the court must find no contract existed in the first place. *Ingrassia Constr. Co., Inc. v. Walsh,* 337 Pa.Super. 58, 486 A.2d 478 (1984). Incompleteness of terms is one of the primary reasons statements of preliminary negotiation are not deemed offers. Restatement (Second) of Contracts § 33 cmt. c (1979).

By claiming she is owed back pay and other benefits of employment with Defendants, Reed, in essence, is asserting Defendants were required to hire her. Here, however, a number of terms of the alleged employment contract between Reed and

Defendants are uncertain. Thus, the alleged contract does not specify when that hiring was to occur. In fact, Reed would be kept on the eligibility list indefinitely so long as she completed a form each year indicating she wanted to remain on the list. *See* Defendant's Motion for Summary Judgment at 2, R.R. at A–19. The uncertainty of the timing of performance further supports the conclusion that the Eligibility List form was an invitation for prospective teachers to apply and not an offer.

Moreover, a number of other terms of the alleged contract are uncertain. Reed asserts Defendants were required to hire her, but the alleged contract does not specify for what position, at what salary, when she was to start work, or for how long the contract was to last. These uncertainties support the conclusion that no contract existed between Reed and Defendants.

In addition, the alleged contract is indefinite as to remedy. "[C]ontracts should be made by the parties, not by the courts, and hence ... remedies for breach of contract must have a basis in the agreement of the parties." Restatement (Second) of Contracts § 33 cmt. b (1979). The contract alleged by Reed does not give a court any guidance as to what would be an appropriate remedy for its breach.

Reed does not argue she is entitled to consideration for hire by Defendants. Reed's contract claim asserts, because people who were not included in the top 10% of the eligibility list were hired before her, she is entitled to "lost wages and benefits of employment with [Defendants]." Taking that argument to its logical conclusion, *every* person in the top 10% of the eligibility list who was not hired would be entitled to back pay and benefits, an absurd result

this Court will not impute to the parties. *See Levin v. Fid.-Phila. Trust Co.,* 358 Pa. 124, 128–29, 56 A.2d 239, 241 (1948) ("Intention to effect an absurd result will never be imputed to the parties to a contract.").

In addition, the uncertainty of terms discussed above leaves us with no basis upon which to fashion an appropriate remedy. We cannot determine the amount of back pay or other benefits to award Reed, because they are not specified in the alleged contract. We do not know the length of time for which Reed was entitled to such back pay and benefits, because the starting date and duration of the contract are unspecified. Such uncertainty in remedy is fatal to Reed's contract claim.

For all the foregoing reasons, it is clear no contract existed between Reed and Defendants. Defendants are entitled to judgment as a matter of law, and the trial court did not err in granting Defendants' summary judgment motion. Accordingly, we affirm.[6]

### ORDER

AND NOW, this 18th day of November, 2004, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is **AFFIRMED.**

---

**6.** Because we determine Defendants' summary judgment motion was properly granted on the grounds discussed above, we need not address Defendants' second argument, that there was no contract because a majority of the School Board members did not vote affirmatively to enter into the contract.