# Westbrook *et al. v.* Hayes.

*Bill in Equity for the Specific Performance of a Contract for Sale of Land.*

1. *Specific performance of contract; necessary averments; correspondence of pleading and proof.*—In suits for the specific performance of parol contracts respecting the sale of land, the contract must aver distinctly, definitely and precisely,

[Westbrook *et al.* v. Hayes.]

and the evidence must satisfactorily establish the particular agreement as averred, leaving no material term in doubt or uncertainty; and if there is a material variance between the averments of the bill and the proof, the complainant is not entitled to the relief sought.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellants, H. T. Westbrook and J. R. Bates, against the appellee, John M. Hayes, to enforce the specific performance of a parol contract to convey forty acres of land particularly described in the bill.

The respondent filed an answer, and testimony for the complainant and respondent was taken, and the cause was submitted in term time for a decree in vacation. The averments of the bill and all of the necessary facts of the case are sufficiently stated in the opinion.

On the submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

CURTIS & HIPP, for appellants.—It is reversible error to dismiss complainants' bill for variance between pleadings and proof, in vacation, without leave to amend, if plaintiff on his evidence was entitled to relief if the bill had been amended.—*Gilmer v. Wallace*, 75 Ala. 220; *Kingsbury v. Flowers*, 65 Ala. 479. The variance upon which the decree is founded to work a reversible error must be a material one.—*Peck v. Ashurst*, 108 Ala. 429.

A parol contract to convey land, where he who has performed cannot be replaced in his original position, or be adequately compensated for the injury he has suffered, equity will decree the specific execution. The foundation of this doctrine is the prevention of fraud upon him who performs, and wherever applied, elements of constructive fraud will be found to exist.—*Frame v. Frame*, 5 L. R. A. 323; *Gilbert v. East N. Y. Co.*, 12 N. J. Eq. 180; *Brewer v. Wilson*, 17 N. J. Eq. 180; *Cooper*

*v. Carlisle, Ib.* 529; *Green v. Richards,* 23 N. J. Eq. 33;
*Dean v. Anderson,* 34 N. J. Eq. 500; *Sullivan v. O'Neal,*
66 Tex. 433.

M. F. PARKER and D. A. McGREGOR, *contra.*—In suits
in equity to enforce the specific performance of a con-
tract, the contract must be precisely, distinctly and
clearly averred, and the proof must correspond in every
material respect with the averments of the bill. It is
not sufficient that some agreement be proved. If the evi-
dence fails to satisfactorily establish the particular
agreement alleged in the bill, or leaves any of its mater-
ial terms in doubt or uncertainty equity will not lend its
aid to enforce its specific performance. The complain-
ant's case must be clearly made out in harmonious plead-
ing and proof to entitle him to a decree.—*Allen v.
Young,* 88 Ala. 338; *Daniel v. Collins,* 57 Ala. 625; *Bo-
gan v. Daughdrill,* 51 Ala. 312; *Iron Age Pub. Co. v.
Western Union Tel. Co.,* 83 Ala. 498; *Brown v. Weaver,*
113 Ala. 228; *Whisenaut v. Gordon,* 101 Ala. 250.

HARALSON, J.—The bill in its second paragraph
avers, "That during the month of January, 1892, or about
that time, your orator, H. T. Westbrook, bought from
defendant [the forty acres of land which is described],
lying and being in Winston county, Alabama, and de-
fendant sold said above described land to him." In the
third section it is averred: "That the contract price of
said land bought from defendant was agreed on, as one
hundred and twenty-five dollars, the same to be paid in
machinery, and your orators aver that said Westbrook
*at the time of purchase,* paid the defendant the contract
price of said land, paying therefor the machinery agreed
upon, consisting of an engine, etc. * * * which was
accepted by the defendant in payment for the land so
bought and above described." In the fourth it is averred,
"That defendant agreed to execute to said H. T. West-
brook a good and sufficient deed to said land, conveying
all his right, title and interest in the same to him, and
further agreed to have his wife sign the same for the

purpose of relinquishing her dower interest in same, and that he would deliver the same to said Westbrook."

In the fifth paragraph it is set out, "That the said Westbrook went into possession of said land under said sale and purchase, having absolute faith in the promise of the defendant to execute to him a title to said land, and that he remained in possession paying taxes on said land for three years, or until about 1895 or 1896, when defendant and said H. T. Westbrook, one of the complainants, had a settlement of their private business affairs, and in that settlement, this same land was agreed to be conveyed to him for the consideration herein-above mentioned, which he had paid," etc.

Respondent answered that complainant, Westbrook, contracted with him for said land, at and for $125, on or about October 1, 1891. He admits that he bought a third interest in the machinery referred to, and no more, on or about the 1st October, 1893, but that he paid for said machinery both out of his individual money and out of his interest in the net proceeds of said machinery, as was agreed to by said Westbrook. He denies that said machinery was bought in payment of said land or any interest therein, and avers that said land was never paid for. The contract was oral, and it is not denied, that at the time it was entered into, the respondent did not have the legal title to the land, but had merely a bond for title; and he avers, that he was to make a deed to Westbrook when he acquired the title and the purchase money was paid for the land, and that, so far as he was concerned, he had been ready to make said deed, since the 8th May, 1894, the date he received his deed to the land. He further states, that said Westbrook went into possession of the land, on or about March 1, 1893, under said contract of purchase, and remained in possession until August, 1895. It appears he sold the premises to complainant, Bates, and made him a deed thereto, with the exception of a small part thereof, of about one and a half acres, which he sold to D. H. Griggs.

It is said in *Allen v. Young*, 88 Ala. 340,—a rule theretofore and since adhered to in this court,—that "in suits for specific performance of parol contracts respecting the sale of lands, the rules of equity pleading require that

the contract shall be distinctly, definitely and precisely averred, so that the court may not be left in inference, or in uncertainty as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill and the proofs produced to establish them more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish the particular agreement alleged in the bill, or leaves any of its material averments in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree.—*Daniel v. Collins*, 57 Ala. 625; *Bogan v. Daughdrill*, 51 Ala. 312; *I. A. P. Co. v. W. U. T. Co.*, 83 Ala. 498."—*Whisenant v. Gordon*, 101 Ala. 250; *Brown v. Weaver*, 113 Ala. 228.

It is set out as has appeared, in the second paragraph, that during the month of January, 1892, complainant, Westbrook, bought from defendant, and he sold to complainant, the lands in question. This is a distinct averment of the sale by the one, and the purchase by the other at a specified time.

The third paragraph avers, that the contract price for the land was $125, the same to be paid in machinery, and it is distinctly averred, that *at the time of the purchase* by complainant of the land,—which, by the second paragraph was specified to be January, 1892,—he "paid the defendant the contract price [$125], of said land, paying therefor the machinery agreed upon," etc. This is followed by the further averment, in the fourth paragraph, that defendant agreed, at that time, as the averment must be construed, to execute a good and sufficient deed to complainant, Westbrook, joined in by his wife, conveying to complainant the land in question.

So far, the contract of purchase, its terms and consideration are definitely enough expressed,—showing that complainant bought the land from defendant in January, 1892, for $125, and paid him for it, at the time, in machinery. But this is followed by averments in the fifth paragraph, in substance, that Westbrook went into possession of the land, and remained in possession until 1895 or 1896, when he and the defendant

had a settlement of their private business affairs, and in that settlement this land was agreed to be conveyed to him for the consideration mentioned,—in paragraph 3 of bill. From this allegation of the fifth paragraph alone, it is fairly inferable that until 1895 or 1896, when this settlement was made, there had been no agreement by defendant to convey the land to complainant. It must be admitted, there is some confusion and uncertainty as to which agreement the complainant would enforce,— the one set up in the fifth, or the one referred to in the other paragraphs of the bill. But if we waive this apparent uncertainty of averment, it is manifest, that on the evidence, the complainant is not entitled to relief.

The complainant, Westbrook, testified that defendant has never executed a deed to him for the land, *but in 1894,* he agreed to do so when he went to Georgia and got his wife to sign the deed. This is the only agreement he testifies to that defendant ever made to execute a deed to him to the land. He further testified: "I did not sell the said Hayes the said machinery at the time I bought the land. I sold said Hayes one-third interest in said machinery at the beginning of the ginning season of 1893." This is in direct conflict with the averments of the bill, that he bought the land in January, 1892, and that the same was paid for in machinery at the time of the purchase. The evidence in the case very satisfactorily shows, that the trade for the machinery occurred in the fall of 1893, some eighteen months or more after the alleged purchase of the land by Westbrook from defendant. The answer denies the material averments of the bill, and the evidence for the complainant and defendant, as to the main issue, is in irreconcilable conflict,—that for the complainant, Westbrook, tending to show that he had paid for the land in machinery, and that for the defendant, that he had sold the land to be paid for in money and nothing else, and that it had never been paid for in either money or machinery, but remains wholly unpaid. Indeed when tried on the evidence of complainant alone, and treating the averments of the bill in the second, third, and fourth paragraphs, as not being inconsistent with the averments of the fifth, but reconcilable therewith, it fails to sustain the averments

37c

of the bill, and to show that complainants are entitled to the relief they seek. The complainant's case, as appeared to the court below, was not made out in such harmonious pleading and proof, as entitles them to a decree. In such case, there was no error in the dismissal of the cause in vacation without opportunity to amend.—*Gilmer v. Wallace,* 75 Ala. 220; *G. P. R. Co. v. Gaines,* 88 Ala. 377; *Olds v. Marshall,* 93 Ala. 139. This is the view taken by the court below, and its decree is affirmed.

Affirmed.