18 So.2d 561

**TILLMAN et al. v. CALHOUN LUMBER CO.**

**4 Div. 330.**

Supreme Court of Alabama.
June 8, 1944.

J. W. Brassell and Roy L. Smith, both of Phenix City, for appellants.

J. B. Hicks, of Phenix City, for appellee.

GARDNER, Chief Justice.

The bill is one for specific performance of an option contract for a timber lease. This contract, as set out in paragraph one of the bill, will appear in the report of the case. The appeal is from a decree overruling demurrer to the bill. The party complainant is Calhoun Lumber Company. The second ground of demurrer takes the point the bill fails to disclose whether the named complainant is an individual, a partnership, or a corporation. The point was well taken. Rules of good pleading in equity require that complainant should allege the character and capacity in which he sues, as well as his right to invoke the jurisdiction of the court. 30 C.J.S., Equity, § 209, p. 667; Shepherd v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906. Such averment is material, both upon the matter of identity of the parties and to enable defendant to resort to the complainant for the payment of costs or compliance with any other order which may be made during the progress of the cause.

We may add that it has been held, and we think correctly so, that an affidavit merely attached to a bill cannot, as a matter of pleading, be considered as a part thereof. 30 C.J.S., Equity, § 206, p. 666. This ground of demurrer, therefore, was due to be sustained.

It is a well-established rule of pleading that in a bill for specific performance great accuracy of averment is required. Roquemore & Hall v. Mitchell Bros., 167 Ala. 475, 52 So. 423, 140 Am.St. Rep. 52; Daniel v. Collins, 57 Ala. 625.

The date the alleged contract was executed is left blank, though the date of its recordation is given. Title 47, §§ 95 and 96. As to respondent Selph, the bill merely avers he claims to have bought the land described in the attached lease, and is threatening to cut and remove the timber therefrom. Injunctive relief is sought against said alleged purchaser. But the bill contains no indication of the time of such purchase by Selph or whether or not he had notice, either actual or constructive, of complainant's contract when any such purchase was made.

Construing the pleading against complainant, as the rule requires, Selph may have acquired a legal title to the property in good faith and without notice of any of complainant's rights. It will be noted that, in such character of litigation, when any such purchase is made to appear, the pleader has been careful to disclose the subordination of the purchaser's claim to that of complainant. Illustrative are: Matthews v. Bartee, 209 Ala. 25, 95 So. 289; Forney v. City of Birmingham, 173 Ala. 1, 55 So. 618. The sixth ground of demurrer was specifically di-

598

rected to this deficiency of the bill and was due to be sustained.

Though the contract, signed only by the prospective grantors, is unilateral in form, yet the election of complainant, within the period therein provided, to treat it as binding and to enforce it, meets all the requirements of the rule as to mutuality, entitling complainant to the equitable remedy of specific performance. Eastis v. Beasley, 214 Ala. 651, 108 So. 763; 58 C.J. p. 880. The averments of the bill suffice to bring the case within this recognized principle.

Counsel for defendants argue in brief the insufficiency of the description of the property in the contract, citing Cay v. Ferrell, 239 Ala. 297, 195 So. 224. But we are unable to find any assignment of demurrer taking this point.

In view of the fact the bill must be amended, we may briefly make reference to this objection. We think it clear the description in the contract upon its face is insufficient. Reference for description of the property is made to a recorded deed from Cole and wife to E. T. and E. L. Tillman. No deed book record is suggested, and we are left to conjecture whether or not more than one deed ever passed between these parties. Not even the date of the deed is given. Whether the seven hundred acres referred to was all the land embraced in this deed is left also to conjecture. Perhaps these insufficiencies may be supplied by averments showing the description of the property referred to in the contract as susceptible of being made certain, under the rule established by our decisions. Tan-Kar Oil Co. v. Danley, 240 Ala. 205, 198 So. 238; Cay v. Ferrell, supra; Minge v. Green, 176 Ala. 343, 58 So. 381. See also 58 C.J. p. 1158.

We have made these cursory observations as to the matter of description, though not presented by the demurrer, in the hope they may prove of some assistance to complainant in the amendment of the bill to follow.

For the errors indicated, the decree must be reversed.

Reversed and remanded.

THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.