143 So.2d 633

**Rubye Cox WILLIAMS et al.**

v.

**Fritz P. OWENS.**

5 Div. 750.

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied July 26, 1962.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

A. B. Foshee, Clanton, for appellee.

GOODWYN, Justice.

Appellee (Fritz P. Owens) filed in the County Court of Chilton County, in equity, (created by Act No. 403, appvd. Sept. 9, 1955, Acts 1955, Vol. II, p. 941), a bill of complaint against appellants (Rubye Cox Williams and Betty Jo Deason) seeking specific performance of an alleged contract for the sale of sixty acres of land. This appeal is from a decree overruling appellants' demurrers to the bill. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp. Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill, in equity, is not appealable.

To the extent material on this appeal, the bill alleges the following:

"2. That J. D. Williams, the husband of Rubye Cox Williams, and the father of Betty Jo Deason, was a bona fide resident of Chilton County, Alabama, until his death on the 30th day of October, 1958. That prior to the death of J. D. Williams and in the month of January, 1957, he was the owner and was seized and possessed of the following described real estate situated in Chilton County, Alabama, to-wit:

[Description omitted.]

"3. Complainant avers that a contract was made and entered into by J. D. Williams, deceased, and complainant in the month of January, 1957, at which time the said J. D. Williams, who was the owner of the above described lands, sold the sixty acres of land to complainant for the sum of

$6000.00, and at which time complainant paid to J. D. Williams the sum of $500.00 on the purchase price of said land; and the said J. D. Williams agreed to accept the balance of said purchase price in payments of $500.00 per year thereafter until the balance had been paid with interest at 6% and that complainant did pay the respondent on the purchase price the above named sum and further agreed to pay the sum of $500.00 per year thereafter until the balance of the purchase price had been paid. That thereafter complainant paid the total sum of $2475.15 on the purchase price of said property. That J. D. Williams and his wife, the respondent, Rubye Cox Williams, had prepared and executed a warranty deed conveying said property to complainant in January, 1957.

"4. Complainant further avers that J. D. Williams surrender[ed] possession of said land to him and that complainant's tenant, Henry Carroll, occupied it during the year 1958, and complainant personally took possession and moved upon said property in 1959, and that he has been in possession of said property under the agreement to buy it from J. D. Williams since January, 1958.

"5. Complainant further avers that at the time of the sale of said property by J. D. Williams to him that J. D. Williams had ordered peach trees to plant a peach orchard upon said property; and that complainant, when the fruit trees were delivered in Clanton, took said trees and paid the purchase price of same of $365.00 to the nursery and complainant set out said peach trees in an orchard. That complainant since that time has cultivated, pruned and fertilized said peach trees and he has made a valuable improvement of said property ·by establishing a young peach orchard.

"6. Complainant further avers that he has set ·out young pine trees upon said property and that he has trimmed up the young pine trees upon said property and that he has killed the oak and blackgum among said pine trees growing upon said land and that he has done other substantial improvement to said property.

"7. That at the time of the purchase by complainant of said property, a tenant of J. D. Williams was living upon it; and said tenant occupied said property as the tenant of complainant for the year 1958.

"8. Complainant further avers that since the death of J. D. Williams that he has continued to reside upon said farm and property and that he has continued to cultivate the orchard, and farm land, and that he has each year paid to Rubye Cox Williams, the wife of J. D. Williams, deceased, a substantial amount on the purchase price of said property.

"9. Complainant further avers that at the time of the death of J. D. Williams he left as his only heir and next of kin his wife, Rubye Cox Williams, and one daughter Betty Jo Deason.

. * * . * * * *

"13. Complainant further avers that he is now ready, willing and able to carry out and perform the terms and provisions and obligations of his contract to buy said property and to comply in all respects with his part of same; that he has offered to complainant [sic] to carry out same and has demanded that said respondent carry out said contract, but that said repondent has failed and refused to do so.

"14. Complainant further avers and shows unto the court that he is entitled to the specific performance of said contract on the part of respondents."

The prayer is that the court "order and direct specific performance of said contract by respondents as therein provided;

and further that the court will order and direct the execution of a deed by respondents conveying said real estate above described to him upon payment by the complainant of the purchase price which he herewith offers to pay."

The bill does not disclose whether the alleged contract was oral or in writing. But that is not essential. Bullen v. Bullen, 231 Ala. 192, 193, 164 So. 89; Trammell v. Craddock, 93 Ala. 450, 451–452, 9 So. 587. It is only when a bill for specific performance of a contract for the sale of land shows on its face that the contract is not in compliance with the statute of frauds (Code 1940, Tit. 20, § 3(5) ) that a demurrer is appropriate to raise the question of compliance with the statute. Quinlivan v. Quinlivan, 269 Ala. 642, 645, 114 So.2d 838; Wilder v. Clark, 263 Ala. 55, 56, 81 So.2d 273; Spruiell v. Stanford, 258 Ala. 212, 217, 61 So.2d 758; Johnson v. Maness, 232 Ala. 411, 413, 168 So. 452. If invalidity of the contract does not appear on the face of the complaint, the defense of the statute can be asserted only by plea or answer. W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 409, 192 So. 851, 129 A.L.R. 526; Bullen v. Bullen, 231 Ala. 192, 194, 164 So. 89, supra.

Appellants say that the serious question presented is whether Rubye Cox Williams, the alleged vendor's widow, is a proper party respondent. Construing the averments of the bill most strongly against the complainant, as they must be when tested by demurrer (Alabama Power Co. v. Emens, 228 Ala. 466, 470, 153 So. 729; Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 681, 87 So. 205), we have concluded that the widow is not a proper party to the bill as presently framed, and that the demurrer taking the point should have been sustained.

From the allegations and prayer of the bill, it seems clear that the primary relief sought by complainant is specific performance of an alleged contract entered into by the husband alone. There is no allegation that the widow was a party to the contract. Nor is there any allegation that she is the holder of a title interest in the land as grantee, devisee, or otherwise, except inferentially that, as the widow, she has a right of dower in it (Code 1940, Tit. 34, §§ 40, 41), that is, a right to use one-third of it for life. But not being a party to the contract to sell, she cannot be compelled to convey her dower interest. 81 C.J.S. Specific Performance § 29, p. 475; Story's Equity Jurisprudence, Vol. 2, 14th Ed., § 1016b, pp. 396–397; Tilley's Alabama Equity Pleading and Practice, § 340, p. 473. On what basis complainant seeks specific performance as against the widow is not made clear.

The allegation that the husband and wife executed a deed, without more, is not sufficient to show that the wife was a party to the husband's alleged contract to sell.

Any question as to whether it would be appropriate to make the widow a party if complainant should seek some abatement, adjustment, compensation, or indemnity, in regard to the widow's dower interest in the land is not presented on this appeal. Nor is there any question as to whether the widow authorized, adopted, ratified, or confirmed the contract of sale, or is estopped to dispute it. Nor is any point made as to the propriety or necessity of the deceased husband's personal representative being made a party. In this connection, it is to be noted that the bill does not show whether the husband died testate or intestate, nor whether a personal representative has been appointed to administer the estate.

The decree appealed from is due to be reversed and the cause remanded to the trial court for further proceedings therein.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

ON REHEARING

GOODWYN, Justice.

■ Appellee argues that the bill has two aspects, one seeking specific performance and the other injunctive relief; that the opinion deals only with the specific performance aspect; that the aspect seeking injunctive relief has equity; and that, since the demurrer was addressed to the bill as a whole and not to each aspect separately, it should have been overruled.

There is no merit to this insistence.

The injunctive relief prayed for is ancillary or incidental to the specific performance sought by the bill. The bill, as presently drawn, being insufficient as one for specific performance, there is no basis for injunctive relief. As said in Hume v. Kirkwood, 216 Ala. 534, 536, 113 So. 613, 615:

"* * * The injunctive relief was ancillary to the specific performance, and complainant, not being entitled to specific performance, is likewise not entitled to such relief."

See, also: Lewman & Co. v. Ogden Bros., 143 Ala. 351, 360, 42 So. 102, 5 Ann.Cas. 265; Electric Lighting Co. v. Mobile & S. H. Ry. Co., 109 Ala. 190, 193, 19 So. 721, 55 Am.St.Rep. 927. "A bill without equity will not support an injunction of any character under any circumstances." Loop Nat. Bank of Mobile v. Cox, 255 Ala. 388, 392, 51 So.2d 534, 537; Pearson v. Duncan & Son, 198 Ala. 25, 28, 73 So. 406, 3 A.L.R. 242; McHan v. McMurry, 173 Ala. 182, 187, 55 So. 793.

Original opinion corrected and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.