147 So.2d 813

Joseph B. JONES

v.

John A. McGIVERN et al.

1 Div. 868.

Supreme Court of Alabama.

Nov. 29, 1962.

Hamilton, Denniston, Butler & Riddick, Mobile, for appellant.

Austill, Austill & Austill, Mobile, for appellees.

COLEMAN, Justice.

This is an appeal by the purchaser from a decree denying specific performance of an alleged contract to sell land.

The bill of complaint avers that on the day when the purported contract was made the respondent McGivern and his wife, Stella E. McGivern, "were the owners as tenants-in-common of the" land. The purchaser so testified.

The bill further avers that on said day the purchaser made an offer in writing "to respondent John A. McGivern to purchase from said respondent John A. McGivern and respondent Stella E. McGivern" the land in controversy, and that the offer was accepted by the husband. It is undisputed, however, that the wife never signed any written acceptance of the offer.

The bill prays that the husband be compelled to perform as to his undivided one-half interest and that the land be sold for division of the proceeds between the joint owners. By the joint owners, the purchaser intends the wife and himself, as we understand the case.

The purchaser's offer recites in pertinent part as follows:

"I hereby offer to purchase from you and your wife, Mrs. Stella E. McGivern for the sum of $13,800.00 cash, the following described real property in Mobile County, Alabama, viz:

*   *   *   *   *   *

"2. You and your wife will sign and deliver to me a warranty deed, with proper revenue stamps attached, conveying said property to me free and clear of all liens and encumbrances, except * * *."

There are other matters in the record and other errors argued by appellant, but we pretermit discussion of them as being unnecessary under the view we take of the alleged contract.

The purchaser, appellant, contends that he is entitled to the relief of partial performance to the full extent of the husband's ability to convey under the rule which has been quoted as follows:

" 'The general doctrine is firmly settled, both in England and in this country, that a vendor whose estate is less than or different from that which he agreed to sell, or who cannot give the exact subject-matter embraced in his contract, will not be allowed to set up his inability as a defense against the demand of a purchaser who is willing to take what he can get with a compensation. The vendee may, if he so elect, enforce a specific performance to the extent of the vendor's ability to comply with the terms of the agreement, and may compel a conveyance of the vendor's deficient estate, or defective title or partial subject-matter, and have compensation for the difference between the actual performance, and the performance which would have been an exact fulfillment of the terms of their contract. * * *', (Citations Omitted)." Saliba v. Brackin, 260 Ala. 103, 108, 69 So.2d 267, 270.

As protection against the wife's inchoate dower, appellant seeks relief under the rule that the purchaser may have specific performance, with a deduction from the price of such sum as represents the present value of the wife's contingent interest, estimated by the usual rules and tables. Minge v. Green, 176 Ala. 343, 352, 58 So. 381; Deason v. Dobson, 250 Ala. 396, 34 So.2d 596.

We are of opinion that the purported contract is not one which the purchaser can enforce so as to compel the husband to convey separately his undivided interest. The husband made no such contract.

Complainant made an offer, not merely to purchase the husband's undivided interest from him alone, nor to purchase the entire interest from the husband alone, but to purchase the entire interest from both husband and wife. The husband accepted this offer. The husband agreed to sell his undivided interest together with the undivided interest of the wife, but the hus-

band did not agree to sell the entire interest in the land or his undivided interest separately and apart from the wife's interest. To require the husband to convey his interest, separate from the wife's interest, would be to require the husband to perform a contract he did not make.

The rule quoted above as to protection from the wife's inchoate dower is not applicable. We are not concerned here with her dower but with her interest as a tenant in common in the fee.

The result we declare here has been reached by other courts.

In Jackson v. Torrence, 83 Cal. 521, 538, 23 P. 695, 700, the court said:

"* * * The only contract he executed, or intended to execute, was a contract, in which his wife was to join, for the conveyance of the whole property for a round sum. Until this contract was completed by the accession of his wife, there was no contract of which there could be any breach or failure to perform."

In Olson v. Lovell, 91 Cal. 506, 508, 509, 27 P. 765, the court said:

"* * * The contract upon its face clearly means that defendant and Judson were to convey the whole of their land in exchange for the whole of plaintiff's land, together with the whole of a certain named sum of money; and if such contract cannot be specifically enforced *as written,* then it cannot be so enforced at all. * * *"

In Spadoni v. Frigo, 307 Ill. 32, 36, 138 N.E. 226, 228, the court said:

"* * * Regardless, however, of such considerations, the complainant never had any contract binding upon Angelo Frigo, but the agreement was for the whole property, and conditioned upon the consent of Elizabeth Frigo, who never consented."

In Stout v. Porritt, 250 Mich. 13, 18, 229 N.W. 409, 411:

"Not only is there no warrant in the language of the instrument signed by Edwin Porritt and Emma Thurston, for a decree requiring them to convey their separate estates, but there is no justification in fact for so construing or reforming it. Regardless of what these defendants may have intended, the minds of the parties never met on an agreement to convey and accept separate interests on payment of a proportion of the purchase price. * * *"

See also: Thomas v. Flanagan, 99 N.J. Eq. 198, 132 A. 305; Affrime v. Mandel, 267 Pa. 387, 111 A. 255.

In Axe v. Potts, 349 Pa. 345, 348, 349, 37 A.2d 572, 574, 154 A.L.R. 764:

"* * * In the present case, the agreement designated three persons as the owners, and when executed by only two of them, was patently incomplete. The agreement was *not joint and several,* but joint only, and we cannot substitute for the terms therein set forth the terms of a new and different contract. * * *"

The rule here applicable has been stated as follows:

"Where one of several owners of property in common promises to join in a conveyance of the whole with the others but does not promise that the others will so join and does not promise that he will convey his own interest separately, it is no breach by him to refuse to convey when the others will not or cannot join. No judgment for damages against him would be justified; nor would a decree for specific performance against him separately, whether with or without compensation for non-conveyance of the other interests. Such a decree is not justified unless he promised that the interests of the others as well as his own would be conveyed. Even if all the owners had jointly contracted, it

would generally be unjust to decree conveyance by one when conveyance by the others cannot be compelled." Corbin on Contracts, Vol. 5, § 1160, at page 694.

The decree is in accord with this rule and is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.