The plaintiff, Wade Thompson, sued to recover $600 paid to the defendant, Sunnyland Mobile Homes.
On January 8, 1979 the plaintiff and his wife went to the defendant's place of business to look into the possibility of buying a mobile home. The plaintiff testified that he and his wife examined a number of trailers and found one to their liking. The plaintiff's wife wrote the defendant a check for $600 as a down payment. There is no evidence in the record indicating there was any written agreement.
Subsequently, on January 12, 1979, the plaintiff refused to sign a written contract to purchase the mobile home. The plaintiff testified that he refused to sign the contract because the sales price on the contract was different from the sales price listed on the door of the mobile home on the day the down payment was made. The plaintiff requested that the defendant return the $600.00 down payment, but the defendant refused. It is the defendant's position that a valid parol contract was completed on January 8, 1979, and that the plaintiff breached this agreement. The defendant also contends that any difference in the sales price on the contract and on the door of the mobile home was due to finance charges. The trial court, sitting without a jury, found for the plaintiff and rendered judgment in his favor for $462.00.
The dispositive issue on this appeal is whether there was a parol contract between the parties.
No binding contract can come into being until there is a meeting of minds. Christian v. Rabren, 290 Ala. 45,273 So.2d 459 (1973). The evidence on this issue is conflicting. It is the duty of the trier of fact to resolve that conflict. Claytonv. Simpson, Ala.Civ.App., 346 So.2d 457 (1977). It is not our prerogative to substitute our judgment for that of the trier of fact. McPherson v. Everett, 277 Ala. 519, 172 So.2d 784 (1965). The evidence shows that plaintiff considered the selling price of the mobile home to be one amount and the defendant considered the selling price to be a different amount. Consequently, there was no agreement as to the selling price of the mobile home and the trial court so found.
Even if some type of an agreement did come into existence upon payment of the $600.00, we still do not believe that a valid contract was formed. In Coley v. Lang, Ala.Civ.App.,339 So.2d 70 (1976), we found the following language in Elmore,Quillian Co. v. Parrish Brothers, 170 Ala. 499, 54 So. 203
(1911), to be persuasive:
 "[A]n agreement to enter into an agreement upon terms to be afterwards settled between the parties, is a contradiction in terms, and amounts to nothing." *Page 1113 
Had an oral agreement been made by the parties upon payment of the $600.00, at most it would have been an agreement to enter into a future agreement based on terms not then finally determined which, as the above cited case points out, is nothing. Thus we consider the trial court's holding that no valid oral agreement had been made to be correct.
The plaintiff has also argued that he should be entitled to the return of the full $600.00 down payment and not just the $462.00 awarded him by the trial court. However plaintiff did not cross-appeal and the trial court's judgment must remain unchanged. Therefore we affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.