Appellant Ronnie Cassady was indicted in Mobile County on three separate charges of selling illicit drugs in violation of § 20-2-70, Code of Alabama 1975 (Alabama Uniform Controlled Substances Act). The several charges were consolidated for trial and the jury convicted Cassady of all three. The jury assessed a fine of $25,000 per conviction and the court sentenced appellant to life imprisonment based upon his habitual offender status under § 13A-5-9, Code of Alabama 1975.
 I
The appellant first contended on appeal that the district attorney's office violated a *Page 451 
plea agreement he had made with them which covered these indictments and that it was error for the trial court to deny his motion to dismiss the indictments on that basis. We remanded to the Circuit Court of Mobile County, Alabama, for an evidentiary hearing to determine the extent of the plea bargaining arrangement. In full compliance, the court held a hearing on this issue and made findings of fact. The court found that appellant and his attorney fully believed that a plea of guilty to the six cases pending against him, 82-3460, 82-3461 and 83-1013 through 83-1016, would constitute a full and final settlement of all cases which could be brought against him for all the crimes he committed before April 4, 1983, the date of the hearing. The court further found that the district attorney's office was not aware of the charges which were the foundation of the instant cases until April 14, 1983. Therefore, when the district attorney acquiesced by silence to the appellant's statement that the plea of guilty would cover all cases "coming up through the pipe" he had a very different understanding of what that meant as compared to the appellant's interpretation.
In Yarber v. State, 437 So.2d 1330 (1983), the Alabama Supreme Court noted that while principles of contract law cannot be rigidly applied in deciding whether to enforce a broken plea agreement, they do provide a useful analytical framework. For purposes of analysis it is helpful to examine the instant case from a contractual point of view. Where there is an offer and an acceptance and the parties have in mind entirely different things, there can be no valid contract. To form a valid and enforceable contract, their minds must meet and concur on every necessary element, including the subject matter. City of Montgomery v. Maull, 344 So.2d 492 (Ala. 1977),Christian v. Rabren, 273 So.2d 459, 290 Ala. 45 (1973). In the instant case it is evident that the appellant and the district attorney each had different subject matters in mind when they agreed to the plea bargain arrangement. Appellant believed his plea of guilty covered the specific cases he pleaded guilty to and those which were "coming up." The district attorney, unaware of any other cases, believed that only those six cases were involved. There was no meeting of the minds as to the subject matter.
We are without authority to consider the validity of the plea agreement as far as the six cases which were specifically mentioned in that agreement are concerned because they are not now before us. However, as to those cases which are now before us we can say that the plea agreement did not encompass them and was invalid because there was no meeting of the minds that they would be covered. In the absence of a valid plea agreement concerning these cases, there was no error in proceeding to trial in each case. There is no constitutional right to a negotiated plea. Ex Parte Yarber, 437 So.2d 1330 (Ala. 1983),Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837,51 L.Ed.2d 30 (1977).
Accordingly, the trial court did not err when it denied the appellant's motion to dismiss the indictments in the instant cases.
 II
The appellant next contends that the trial court erred in permitting multiple prosecutions and multiple consecutive sentencings of appellant in what he contends was actually only one offense.
The record reveals that on January 26, 1983, the appellant entered the West Survey Company at 1416 Azalea Road in Mobile. West Survey Company was a store front operation or "sting" operation directed by the Bureau of Alcohol, Tobacco and Firearms between November 15, 1982, and April 17, 1983. They let it be known to certain elements of the community that their primary business was survey work on Interstate 210 but that they would receive stolen merchandise and other contraband on the side.
The appellant entered the business on January 26, 1983, and sold special agent Jerry L. McCaslin the drugs which are the *Page 452 
subject of the instant case. The entire transaction was videotaped and recorded.
Appellant was thereafter indicted for the sale of the controlled substances, Meperidine Hydrochloride, Oxycodone Hydrochloride, and Methaqualone, each in a separate indictment. On motion of the state the indictments were consolidated for trial. The jury found the appellant guilty and recommended a fine of $25,000 in each case. The court carried out the jury's recommendation and imposed a fine of $75,000. Then on the basis of the appellant's habitual offender status, the court sentenced the appellant to a term of life imprisonment.
It is clear from the record that the three types of pills were all sold to special agent McCaslin in one transaction. It is well settled under Alabama case law that the constitutional double jeopardy provisions of the U.S. Constitution, Amendment V, and the Alabama Constitution, Art. I, § 9, prohibit the splitting of a single criminal act in order to justify multiple prosecutions for the identical criminal behavior. Smith v.State, 472 So.2d 677 (Ala.Cr.App. 1984), Baldwin v. State,47 Ala. App. 136, 251 So.2d 633 (1971); Free v. State,455 So.2d 137 (Ala.Cr.App. 1984); Lynn v. State, 31 Ala. App. 216,14 So.2d 259 (1943).
In the case of Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied,462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), this court noted that "By applying the principles developed in our case law to the plain language of § 20-2-70 (a), we . . . find that the possession is the criminal offense, and our section does not sanction basing multiple prosecutions or sentences on the mere fact that several types of drugs were . . . possessed at one point in time." We went on to hold in that case that "where . . . there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only one sentence is authorized."
In the instant case the appellant in one transaction sold to special agent McCaslin all of the drugs which were the subject of the three indictments in return for one payment of $540. This was one offense. It was error for the trial court to treat the sale of each drug as a separate offense and to impose a total fine of $75,000. Section 20-2-70, Code of Alabama 1975, provides for a maximum fine of $25,000 on a first offense under the section. Section 20-2-76 allows imposition of a fine of up to twice the amount otherwise allowed upon a second conviction.
This case must be remanded for resentencing.
 III
As his final contention the appellant alleges that there was a fatal variance between the indictments charging appellant and the proof presented at trial.
The indictments charged appellant with possession of the controlled substances Methaqualone, Oxycodone Hydrochloride, and Meperidine Hydrochloride. At trial Ms. Sylvia Bryant of the Mobile Police Department Crime Lab testified that her analysis of the pills revealed that they contained the controlled substances Methaqualone, Oxycodone, and Pifidine. The only substance as to which there is any question is "Pifidine," which the court reporter noted was a phonetic spelling. In the past, court reporters have had difficulty in correctly spelling complex chemical names given in testimony and we have not allowed this misspelling to defeat an indictment. While the phonetic difference is such that we cannot state with certainty whether or not the drug found is the same drug as that in the indictment, we find it unnecessary to pass on the issue, since this case is being remanded for resentencing on the basis that the possession of the three controlled substances was only one offense.
This case is remanded for resentencing in accordance with this opinion. *Page 453 
OPINION EXTENDED; REMANDED FOR RESENTENCING.
All the Judges concur.